THEODORE W. ELLIS, plaintiff in error *vs.* J. H. ZEILIN & COMPANY, defendants in error.

1. Complainants alleged that they are entitled to the sole and exclusive right to manufacture and sell a certain preparation known as Dr. Simmon's Liver Regulator or Medicine, and have acquired right thereto by purchase; and that they have expended large sums of money in manufacturing and advertising it, by which it has become widely known and justly celebrated for the purposes it is intended to accomplish. And that they have adopted certain trade-marks, in which their packages are put up; and that the plaintiff in error has commenced to sell a preparation which he calls by nearly a similar name, and is putting it up in packages of similar form and size, and that the general appearance and printed endorsements thereon, is intended to take advantage of the reputation acquired by the preparation of Zeilin & Company, which they allege is a fraud upon their rights, etc. To which bill a demurrer was filed, which was overruled by the Court:

*Held,* That under the facts charged in the bill, admitted by the demurrer, this Court will not reverse the judgment of the Court below, upon the ground that the bill alleged sufficient *prima facie* evidence to predicate the claim of property in Zeilin & Company to the exclusive right, to make and sell such medicinal preparation sufficient to retain the bill until a hearing, upon the evidence to be submitted in the case.

2. *Held again,* That in matters of trade-marks or labels to medical compounds, mere similarity of size, or square packages, or of classification of diseases or symptoms, is insufficient to invoke equitable interference, that compounding patent medicine is an open trade, and protection by law is only authorized when the invention itself or its own peculiar name and devices, are taken by appropriation and put upon the public in fraud of individual rights acquired by priority of use and title therein.

Trade-Marks. Copy Right. Equity Practice. Before Judge CLARK. Chambers, Bibb County. August, 1869.

J. H. Zeilin & Company sought to enjoin Ellis from making and vending certain medicine in such packages and wrappers as was calculated to injure their sale of a similar medicine for which they had a patent. The similarity of the packages and wrappers cannot well be shown here. The main charges in the bill are set forth in the opinion. Judge Cole being related to complainants, referred the bill to Judge

Ellis *vs.* Zeilin & Company.

Clark. He ordered Ellis to show cause why the injunction should not be granted. He answered, and, after argument had, Judge Clark ordered the injunction to issue.

Subsequently, Ellis demurred to the bill because it had no equity, because J. H. Zeilin & Company showed no exclusive right to make and vend such medicine, and because the bill showed that their medicine was a quack remedy, a deceit upon the public, and not deserving the protection of a Court.

Complainant's counsel contended that the demurrer could not be entertained, because, by the granting the injunction after a hearing, from which no writ of error was sued out, the matter was *res adjudicata.* Judge Clark overruled the demurrer, and that is assigned as error.

WHITTLE & GUSTIN, JOHN P. FORT, for plaintiff in error. To enjoin use of trade-mark complainant's title must be clear : Hopk. Ch., (N. Y.) 553 ; 4 E. D. Smith's R., 390 ; 24 Barb. R., 164 ; Law Dig., 409 to 412 ; 2 Sand. Ch., 622, 628. Complainants did not invent but bought of another, not inventor, who was " authorized only to make and sell " the same. This is only an agency : R. Code, sec. 2152. No delegation : R. Code, sec. 2153. Death of seller revoked this agency : R. Code, sec. 2157. Copyright does not extend to labels : 1st Brightwell's Dig., 193 ; 2d, 90. The medicine is a secret, quack, medicine, not entitled to judicial protection : 11 Law Rep., 130 ; Law Dig., 275.

LANIER & ANDERSON, for defendants.

LOCHRANE, C. J.

1. The defendants in error filed their bill in equity, alleging that they are entitled to the sole and exclusive manufacture and sale of a certain medicinal preparation known as " Dr. Simmons' Liver Regulator or Medicine," having acquired the right thereto by purchase from the son of Dr. A.

Q. Simmons, the inventor. They allege that they have expended large sums of money in manufacturing, advertising, etc., and that it has become widely known and justly celebrated for the purposes it is intended, medically, to accomplish, and that they have adopted certain trade-marks in which their packages are put up, which have been entered under the Copy-Rights law in the District Court of the United States, at Savannah.

They further allege that Ellis, the plaintiff in error, has commenced to sell a preparation which he calls "Simmons' Genuine Liver Medicine," and is putting it up in similar form and size of packages, and the general appearance and printed endorsements thereon is intended to convey the impression and take advantage of the reputation which Zeilin & Company's preparation has acquired, and which they allege to be a fraud on their rights, asking injunction and such other relief as may be within the power of a Court of Equity to interpose.

To this bill the defendants filed a demurrer, and it is upon the judgment of the Court below overruling the demurrer that error is assigned, and the question now comes before this Court. Our judgment is invoked upon the facts admitted by the demurrer as they are alleged to exist in the bill; and one main distinguishable criterion in all cases of this character is the intention of the parties in using the similarities of trade-marks claimed by another, which by the pleadings is admitted to be " to take advantage of the reputation " of the manufacture of Zeilin & Company. The language is " that the said Ellis is imitating the form and style of the package and wrapper used by your orator as aforesaid to take advantage," etc.

It will be noticed that the bill does not charge Ellis with making the same article. In fact, the exhibits negative this idea, for Ellis publishes his article as prepared only by him, and Zeilin & Company say their preparation is prepared only by them. Again, Ellis calls his (immediately under a

large symbol not in the other label) Dr. A. Q. Simmons' Genuine Liver Medicine, the other is "Dr. Simmons' Liver Regulator or Medicine." The type used is different, the arrangements of words different; classes of disease different in part. And upon a fair view of the trade-mark on these packages we are not satisfied that they appear to imitate Zeilin & Company's medicine, but rather to set up an original and distinct claim to the medicine put up and sold by Ellis.

2. In matters of trade-mark we lay down the rule to be, that, in order to authorize the interposition of a Court of Equity, the title to the use and enjoyment must be clear and unquestionable, and will be adjudicated only upon the rights of parties before the Court and as between their conflicting claims, and not with a view to the guardianship of the public upon the merits or demerits of *nostrums,* except in cases where injury to the public health or morals enters into the ingredients of the allegations.

And in matters of medical agents, whose effects are upon the human system, any man has a right to compound his liver medicine or other medicine and publish all the diseases within its range of cure, no matter how many predecessors or precedents he may have had, and to put it in such bottles or packages as he pleases, so long as he does not set up the right to another man's property or advertise for sale another man's wares, and does not use *his* invention with *its* prints, packages and symbols as his own. As soon as he does this he is liable in law, and will be restrained. We recognize the property in trade-marks or business, but do not recognize that every person is restrained from putting his own in two ounce bottles or four ounce packages, and printing the diseases it will cure, because somebody else has done so.

The line is drawn around the invention and its devices, only so far as to prevent another taking it and appropriating it. Similarity of disease in its classification or of symptoms in their various phases are the property of all.

We do not think there was equity in this bill on the mere question of similarity in the trade-marks. But as the demurrer admits that what was done was done, intentionally to take advantage of the reputation of his "Simmons' Liver Medicine," we cannot hold the Judge below erred in retaining the bill for a hearing to let the whole matter be determined upon its merits.

Judgment affirmed.