## Case No. 4,493.

### ENOCH MORGAN'S SONS' CO. v. HUNKELE.

[10 Reporter, 577; [1] 16 O. G. 1092.]

Circuit Court, D. New Jersey. 1879.

J. H. Hull and A. Q. Keasbey, for complainant.

E. More and Wm. Cummins, for defendant.

NIXON, District Judge. The demurrer admits all the allegations of the bill of complaint. The only question, therefore, before the court is, whether a sufficient cause of action appears upon the face of the bill. The complainant, a corporation created and organized under the laws of the state of New York, avers that it is the successor of the firm of "Enoch Morgan's Sons;" that the said firm invented and prepared a new manufacture of soap, especially designed for cleaning and polishing; that to indicate the genuineness of their manufacture, they devised and for the first time applied as a trade-mark the word "Sapolio," a device of a human face reflected by a polished pan; an uniform size, form, and color of cake; the stamp thereon of the words "Enoch Morgan's Sons Sapolio;" an envelope or wrapper therefor of Argentine foil colored manilla paper, having printed on the inside thereof, certain words and devices in black type, upon a cream-colored ground; a band of ultra-marine blue paper for encircling the cakes, when so enveloped and wrapped, with printing in gold letters; that large sums of money were expended by the firm in advertising the said manufacture whereby it became widely known under the trade-marks aforesaid; and was so largely purchased and used by the public that its manufacture and sale under the said marks became pecuniarily valuable to the complainant; that, well knowing these facts, certain manufacturers in New York, and elsewhere, since January 1, 1874, have fraudulently endeavored, and are still endeavoring, to avail themselves of the benefits of the said advertisements, and of the popularity and reputation of the said manufacture, and of the trade-marks under which the same is sold, by fraudulently simulating the cake and appropriating the trade-marks, and are daily engaged in unlawfully and fraudulently selling the same as for the genuine manufacture of the complainant; that said simulated manufacture and appropriated trade-mark have a tendency to deceive and do deceive the public, exercising all the caution which purchasers usually exercise, and induce it to purchase said simulated manufacture, as and for the genuine manufacture of the complainant, to the deception of the public and to the injury of complainant; that the defendant designing to aid the manufacturers in their attempt to defraud the complainant, and deceive the public, has purchased soap of these fraudulent manufacturers and kept the same on hand as the genuine Sapolio made by complainant, with the design to impose the same upon purchasers as the genuine article, and when applied to by customers for Sapolio, which was well known to them and the public as an article manufactured by the complainant, has sold and delivered to such customers, without explanation, the simulated cake, and has given to them bills for the same as Sapolio, so that customers, deceived by the general appearance thereof, and not observing the difference, which might be detected on a closer observation, have accepted the same as the genuine article of the complainant; and that the said acts have been intentional, wilful, and fraudulent. Stripped of all verbiage the charge is that the defendant has fraudulently simulated the manufacture of the complainant, and that he has successfully deceived the public, by inducing it to purchase the simulated for the genuine article. It is not a question, whether the defendant has in all respects imitated the trade-marks of the complainant, but whether he has so imitated it that the purchaser has been imposed on.

The defendant insists that there are such differences in his mode of using and combining the colors on the wrapper, that no careful purchaser need be deceived, if he exercise ordinary care and prudence. This may be true, and in the absence of fraud, and upon the merits, the court may not be willing to hold that an infringement has been shown. But the fraud has been confessed by the demurrer, and such confession entitles the complainant to an injunction. The counsel for the defendant says that the demurrer was filed, after duly considering the authority of Ellis v. Zeilen, 42 Ga. 91, and Barrows v. Knight, 6 R. I. 434, and yet it was held, in both of these cases, that where a fraudulent intent was admitted, the imitation need only be partial to sustain the action. The demurrer is overruled, and twenty days time is given to the defendant to answer the complainant's bill on the merits. Ordered accordingly.

[1] [Reprinted from 10 Reporter, 577, by permission.]