## LARRABEE & COMPANY *vs.* LEWIS.

1. A trade mark, to be protected from infringement, must designate the origin or ownership of the article to which it is applied. A mere general description by words in common use of a kind of article, or its nature and qualities, cannot of itself become a trade mark.

(*a.*) "Snowflake," as applied to bread or crackers, is a mere description of whiteness, lightness, and purity.

(*b.*) An arbitrary word, not descriptive of the character or quality of the article to be sold, may be used to designate particular goods, and become a trade mark.

2. In Georgia, to have a word or words claimed as a trade mark protected by injunction from use by another, it should appear that the defendant's use of them was with intent to deceive or mislead the public.

Equity. Trade Mark. Before Judge HILLYER. Fulton County. At Chambers. November 18th, 1881.

· Reported in the decision.·

LANIER & ANDERSON; HARRISON & PEEPLES, for plaintiffs in error.

MYNATT & HOWELL, for defendant.

CRAWFORD, Justice.

Larrabee & Company, manufacturers of crackers and biscuits, and using the word "snowflake" as their trade mark, filed a bill to enjoin T. S. Lewis from the use of the same in his business, upon the ground that the said complainants had been engaged for more than two years in their said manufacture, and had used, and still claimed the right to use exclusively, their said trade mark as against all other persons whomsoever. And yet, notwithstanding their said right, the said defendant being also a manufacturer of crackers and biscuits has unlawfully, and without their consent, used in the sale thereof their said trade mark of "snowflake."

To this bill the defendant filed a demurrer upon the grounds :

(1.) That the complainant had no right to appropriate the word "snowflake" as a trade mark.

(2.) That it was not alleged that the defendant had used the word "snowflake" "with intent to deceive or mislead the public."

This demurrer was sustained by the chancellor, and that judgment is complained of as error.

1. The first question made is whether the word "snowflake" can be used and appropriated as a trade mark.

A trade mark is defined to be the name, symbol, figure, letter, form, or device used by a manufacturer or merchant to designate the goods he manufactures or sells, to distinguish them from those manufactured or sold by another, to the end that they may be known in the market as his, and to secure such profits as result from a reputation for superior skill, industry or enterprise. Upton's Law of Trade Marks, 99. The trade mark must designate and distinguish the owner's production from the general manufacture of the same article, and cannot consist of a word belonging to the general public describing truly a known product. 53 How. (N. Y.) Pr. 453 ; S. C. 6 Am. L. T., 20.

A mere general description by words in common use of a kind of article, or its nature and qualities, cannot of itself be the subject of a trade mark. 122 Mass., 139, 148.

A trade mark which designates the true origin or ownership of the article manufactured or sold, will be protected, but words which have no other relation to the origin or ownership of the goods than merely to indicate the name or quality, will not be protected. Nor will words be protected which all persons may use with equal truth as to the nature of a fact which they are used to signify, because all alike have the right to employ them for the same purpose. And so, too, a name merely descriptive of an article of trade, of its qualities, ingredients or characteristics, cannot be employed as a trade mark, and the exclusive use of it entitled to legal protection. 2 Sand. (N. Y.) 599 ; 7 N. Y. Leg. Obs., 301 ; 7 Phil. (Penn.) 253 ; 35 Conn., 402 ; 13 Wall., 311 ; 1 Holmes, 185 ; S. C. 6 Am., L. T. 20 ; 58 N. Y. (Sick.) 223.

That one may use an arbitrary word, when not descriptive of the character or quality of the article to be sold, seems to be settled by the rulings of various courts ; noted instances of which are " Pride " as the trade mark for cigars, " Charter Oak " for stoves, " Lone Jack " for tobacco. These words not being in anywise descriptive of the character or quality of cigars, stoves or tobacco, they

have been protected. . 82 N. Y. (Sick.) 522 ; 44 Mo., 168 ; Cox's Manual of Trade Mark Cases, No. 669.

With these rules of law governing the question made by this record, can the word " snowflake " be classed as one not descriptive of the character or quality of the articles under which they are to be sold ?  In its common and ordinary sense it is understood to be descriptive of whiteness, lightness and purity, words which of necessity belong to the public—common alike to all.  When applied, therefore, to crackers and biscuit, it affirms unquestionably that they are white, light and pure.  Whether used to describe the quality or style of this sort of merchandise or not, it does signify those facts which others by its use may express with equal truth, and therefore have an equal right to its use for that purpose.  The Collins Co. *vs.* Cowen, 3 Kay & Johnson, 428.

It is to be remembered that this word has no device or symbol whatsoever in connection with it,— " Larrabee's Snowflake Biscuit," the defendant's label being " Lewis's Snowflake Biscuit."   If we are right therefore in our construction of the ordinary use and meaning of the word, then any one may make, label and sell " snowflake" biscuit, that is, such as are white, light and pure.

2. The second ground of the demurrer was that there was no allegation in the. bill that the defendant had used the word snowflake " with the intent to deceive or mislead the public."

Without reference to what may have been ruled in other states on this subject, our statute makes the intention to deceive and mislead the public by the use of similar trade marks, names or devices to encroach upon the business of another, a fraud for which equity will grant relief.

When one comes, therefore, asking the relief provided, he should come according to the rule prescribed.  It is insisted, however, that the complainants could not look into the mind of the defendant and· discover his intent. If this were necessary, intention could never be proved.

Words, acts and conduct prove intent, and are the usual and ordinary means adopted by courts of justice to establish it, and we see no more difficulty in this than in other cases.

It was further urged on the argument that under our statute, not only trade marks, but names are forbidden to be used as well, and this being a name, that although the plaintiffs could not bring themselves within the technical meaning of trade mark, still they would be entitled to protection against the use of a similar name. There occurs to us no reason why, if the word used cannot be protected as a trade mark, it should be as a name if obnoxious to the same objections. That names can and will be protected, we have already seen, and to such names we apprehend that the statute refers.

Judgment affirmed.