LANE *et al.* *v.* BROTHERS AND SISTERS OF THE EVENING STAR SOCIETY.

CANDLER, J.,   1. "An association has a right to adopt a title by which it is to be known, the unauthorized use of which will be restrained by a court of equity." 4 Cyc. 304, and authorities there cited. It was accordingly not error for the court in the present case to enjoin the defendants from obtaining a charter under a name already used by the plaintiff to designate what the court was authorized to find was a department of its organization.

2. The funds in dispute were not claimed by the defendants in their individual capacity, but as officers of what they contended was an independent voluntary association. There was ample evidence to authorize a finding that this alleged society was merely a department of the plaintiff, which was an incorporated mutual benefit organization. While the court was without authority, at an interlocutory hearing, to order the funds in dispute (which, under the evidence for the plaintiff, had been wrongfully withdrawn by the defendants from the bank in which they were deposited) paid over to the plaintiff, equity required that the funds be held in the custody of the court to abide the final determination of the cause. The judgment will therefore be affirmed, with direction that the court appoint a receiver to take charge of the money in

controversy to await the final judgment to be rendered. As to the power of
the court to appoint such receiver, see *McGarrah* v. *Bank*, 117 *Ga.* 556.
*Judgment affirmed, with direction. All the Justices concur.*

Argued May 18,— Decided June 9, 1904.

Injunction. Before Judge Felton. Bibb superior court. February 11, 1904.

The petition of the Brothers and Sisters of the Evening Star
Society alleged, in brief, that it was an incorporated mutual benefit
society, with a department for children, under the name of the
Sons and Daughters of the Evening Star Society, the officers of
which from the time of its establishment were elected by and were
under the direction and control of the plaintiff; that defendants
Lane, Appling, and Jenkins were elected officers of that depart-
ment for the year 1903, Lane as president and the others as sec-
retary and treasurer respectively, and recognized the plaintiff's con-
trol until recently, when Lane, who had been suspended for mis-
conduct, attempted to disrupt the society, and, associating with
him Appling, Jenkins, and other defendants, and conspiring with
them for that purpose, applied to the superior court for a charter
under the name of the Sons and Daughters of the Evening Star
Society; that the sole object of Lane and his associates was to
appropriate to themselves the name adopted by the original soci-
ety for its children's department, and to destroy it and get posses-
sion of the money which the society had permitted to be deposited
in bank to the credit of that department; and that the plaintiff
had deposed these officers and elected certain others in their stead,
who made demand on them for the books, papers, money, and
other property of that department, in their possession, which
demand was refused. It was prayed that Lane, Appling, and
Jenkins be enjoined from drawing from certain banks, named as
defendants, money deposited to the credit of the Sons and Daugh-
ters of the Evening Star Society, and that the banks be enjoined
from paying it out on their checks; that this money be declared to
be the money of the plaintiff; that the banks be required to pay it
on checks of the officers elected to succeed Lane, Appling, and
Jenkins; that the defendants be enjoined from withholding and
be required to return to these officers the books, papers, and other
property in their possession, obtained by reason of being officers
of that department; that the defendants be enjoined from proceed-

ing to obtain a charter under the name of the Sons and Daughters of the Evening Star Society, and from interfering with the affairs of the plaintiff, or with those of said children's department; and for géneral relief.    By amendment it was alleged that Lane, Appling, and Jenkins, as officers of the Sons and Daughters of the Evening Star Society, had drawn from bank, without authority and wrongfully, the money deposited in bank to the credit of that society; and it was prayed that they be required to account to the plaintiff for it and to restore it to the bank to the credit of the plaintiff, or to that of the said children's department.    It was also alleged, by amendment, that since the filing of the petition certain persons named were regularly elected president, vice-president, secretary, and treasurer of the said children's department for the year 1904, at an election held by the plaintiff, pursuant to its charter and by-laws; and it prayed that Lane, Appling, and Jenkins be required to turn over to them the money, books, and other property mentioned in the petition.

The defendants demurred on the grounds, that no cause of action was set forth; that there was no equity in the petition; that there was an adequate remedy at law; that the Sons and Daughters of the Evening Star Society was not made a party; and that the granting of the extraordinary relief prayed for would be a violation of the prohibition of law against the granting of a mandatory injunction. In their answer they admitted that the officers of the Sons and Daughters of the Evening Star Society had been elected by the Brothers and Sisters of the Evening Star Society, and that the Sons and Daughters of the Evening Star Society had always made quarterly reports to the Brothers and Sisters of the Evening Star Society, but they insisted that the election of officers by the plaintiff and the making of these reports was purely a voluntary matter, and was not by reason of any requirement of the constitution or by-laws of the plaintiff; that the Sons and Daughters of the Evening Star Society was a voluntary association, separate and distinct from the plaintiff, and that the plaintiff had no authority or control over it, and no interest in the money in question.

The court, after hearing evidence, passed an order providing for an election to be held by the members of the Brothers and Sisters of the Evening Star Society on a specified date, in which the defendants who were members of that society should be entitled to

participate; and requiring the defendants, Lane, Appling, and Jenkins, to turn over to the officers to be elected at that meeting the money referred to in the petition; restraining the defendants from further prosecuting their application for a charter under the name of the Sons and Daughters of the Evening Star Society, and requiring the banks in which the money referred to was deposited to pay the money to the treasurer to be elected at the meeting mentioned in the order.    Defendants excepted.

*John R. L. Smith,* for plaintiffs in error.
*Ross & Grace,* contra.