Loew's Boston Theatres Company & others *vs.* Elias M. Lowe & others.

Suffolk.    March 5, 1924. — April 8, 1924.

Present: Rugg, C.J., Braley, DeCourcy, Crosby, & Carroll, JJ.

*Trade Name. Name. Unlawful Interference. Equity Jurisdiction,* To enjoin unlawful interference.

The trade name of a theatre, which necessarily depends for its patronage substantially upon persons in its neighborhood, is unlike the trade name of an article of manufacture, which may become known through a large territory.

In a bill in equity by the proprietor of a theatre, carried on under a certain name, to enjoin the defendant from unlawful interference with the plaintiff's business through a deceptive use of a name similar to the plaintiff's, the defendant should not be enjoined from carrying on his business in localities where the plaintiff had no theatres and from which the plaintiff drew no patronage.

Bill in equity, filed in the Superior Court on October 13, 1922, by Loew's Boston Theatres Company, The Globe Vaudeville Company, The New Columbia Company, The State Theatre Company, Marcus Loew, and Loew's Incorporated against Elias M. Lowe (" sometimes spelled Loew "), John C. Andrian and John A. Zetes, seeking a decree that

(1) " the defendants Lowe, Andrian and Zetes, their agents, servants and attorneys be enjoined from operating said Ideal Theatre under the name of E. M. Loew's Theatre, or in any way in such wise as to confuse or be likely to confuse said theatre in the mind of the public with the theatres run by the plaintiffs, and that said Lowe be enjoined from doing theatrical business under the name Loew or Loew's, and from assuming the name Marcus Loew with respect to any theatrical business or theatrical production," and (2) for "damages, profits and their costs."

In the Superior Court, the suit was heard by *McLaughlin*, J. Material evidence and findings by the judge are described in the opinion.

By order of the judge, a final decree was entered enjoining the defendants, their servants, agents and attorneys " from carrying on the theatre business at the location which was formerly that of the Ideal Theatre in Roxbury, in the name of Loew's Theatre, E. M. Loew's Theatre, or under any similar description, and from doing any act or making any representation which will pass off said theatre, or tend to pass off said theatre, as one owned, controlled or managed by the plaintiffs in this cause, to wit: Loew's Boston Theatres Company, Globe Vaudeville Company, the New Columbia Company, the State Theatre Company, Loew's Incorporated, Marcus Loew, or any of them."

The plaintiffs appealed.

*W. A. Rollins*, for the plaintiffs.

*H. E. Miller*, for the defendants.

DeCourcy, J. As summarized by the trial judge, this bill was brought to restrain the defendants from operating a certain theatre in that part of Boston called Roxbury under the name of E. M. Loew's Theatre, or in such a way as to confuse it in the mind of the public with the plaintiffs' theatres; from conducting the theatre business under the name of Loew, and from assuming the name of Marcus Loew in connection with any theatrical business or production. A decree was entered which disposes of the complaints against the theatre in Roxbury, and against the defendants Andrian and Zetes. The only appeal taken was

by the plaintiffs, and this was because the decree did not enjoin the defendant Lowe from " changing his name into E. M. Loew; . . . from doing business as E. M. Loew, and from assuming the name Marcus Loew; " and " because it does not dispose of all the issues raised by the bill."

What the plaintiffs actually seek is to prevent the defendant Elias M. Lowe (hereinafter referred to as the defendant) from carrying on theatrical business anywhere under, or in connection with, the name Loew's. Before considering whether the decree should be so broadened, it is necessary to refer to some of the pertinent facts as found by the trial judge. The defendant was born in Roumania. He was christened Elias Löw, which in the place of his birth was pronounced substantially Luev or Lurvre, and would have justified the spelling Loew. He came to the United States in 1911, when thirteen years of age, and entered the theatrical business in 1917. Since 1916 he has used the spelling Low or Lowe in several documents; and. after he was fairly launched in the moving picture business he adopted the middle initial " M," and spelled his surname " Loew." He became owner of a theatre at Lynn in 1918; in 1919 bought the one in Roxbury, and has since bought theatres, or an interest therein, at Portland, Lawrence and Fitchburg. In 1921 he formed a Massachusetts corporation, known as E. M. Loew's, Inc., the purpose of which was to buy and sell theatres. The word " Loew " is not used in connection with his theatres in Lynn, Lawrence or Portland. The one in Fitchburg is operated and advertised as " E. M. Loew's Majestic."

The plaintiff Marcus Loew, either individually or by means of corporations, for seventeen years has been conducting theatrical business under the name " Loew's " throughout the United States and Canada. This chain of theatres is well advertised; and the name " Loew's Theatres," and the kind and quality of entertainment which they provide have become well known. None of the plaintiffs, however, owns or operates a theatre in Lynn, Lawrence, Portland or Fitchburg, where the defendant's theatres are. The trial judge found that in said cities where the plaintiffs have no

theatres, there was no competition between the parties, no wrongful appropriation of trade or good will by the defendant, or damage or injury to the plaintiffs' business.

In limiting the decree as he did, the judge had in mind the case of *Kaufman* v. *Kaufman,* 223 Mass. 104. It was there said (page 106) " The plaintiff is entitled to relief only on the ground of unfair trade competition or interference with his established rights. The trade name and symbols of the plaintiff cannot extend into regions where his goods are not sold, where he has no customers, and where he has no trade. There can be no recovery unless it appears that there has been a wrongful appropriation by the defendants of trade which belonged to the plaintiff. The mere use of a trade name which one person has found highly effective in bringing his goods to the favorable attention of the public in one business territory, by another person in another business territory, constitutes no actionable wrong. Actual or probable deception of the public to the harm of the plaintiff is the basis of the action. There can be no unfair competition unless the plaintiff is in fact a rival for the trade which the defendants secure." To the same effect is *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100. Where there is no trade, and hence no competition, there cannot be unfair competition, — which is what the law protects against. Such unfair interference by the defendant with the business of the plaintiffs was shown to exist in Boston; and the decree of the court affords a remedy. But the plaintiffs have no theatres in the cities outside of Boston where the defendant's theatres are. And he has not used the name Loew on the sign of any of these except the Fitchburg one. Unlike the trade name of an article of manufacture which may become known throughout a large territory, a theatre depends for its patronage substantially upon those in its neighborhood. On this record the judge was fully warranted in limiting the territory of the injunction as he did. His final finding is as follows: " Except as stated in my original and in these supplemental findings, there was no evidence of any competition between the parties; nor that there was any advertising in any other places than as

so found; nor that defendant's places of business simulated those of the plaintiffs in arrangement, appearance or decorations; nor as to the wrongful appropriation of trade or good will; nor as to damage or injury to plaintiffs' business." Unless and until the defendant shall unfairly interfere with the theatres of the plaintiffs in the same competitive territory, the court is not called upon to determine to what extent the defendant can and should be legally prevented from using the name Loew or E. M. Loew. See *Libby, McNeill & Libby* v. *Libby*, 241 Mass. 239.

<div align="right">

*Decree affirmed.*