# INDUSTRIAL INVESTMENT COMPANY *v.* MITCHELL
## *et al.*

The name "Industrial Loan & Finance Company" is not such a colorable imitation of the name "Industrial Investment Company" as to lead the public, exercising ordinary care, to believe that it refers to the same company, thus causing unfair competition.

No. 5776. June 30, 1927.

Equitable petition. Before Judge McLaughlin. Muscogee superior court. December 4, 1926.

The Industrial Investment Company filed its petition against W. C. Mitchell and others, and made these allegations: Petitioner is incorporated under the laws of Georgia. Since March 3, 1926, it has been continuously engaged in what is commonly known as the loan business, for pecuniary profit, under its corporate name. The Industrial Investment Company is an arbitrary and fanciful name, peculiarly adapted to the lending of money for the purpose of inducing small investments. Petitioner appropriated said name of Industrial Investment Company as a trade-name, was the first user thereof in the locality of Columbus, where its principal office is situated, was incorporated under said name on March 3, 1926, equipped and opened up an office and business, had its notes, papers, and other blanks printed, and has continuously used said name and operated its business thereunder since the date of its incorporation. It has expended large sums of money in advertisements, letters, and various forms of literature, has established a good reputation and a valuable good will, is regularly engaged in said business, and has built up a valuable and profitable business thereunder. The defendants have conspired to infringe, and have wilfully and wrongfully infringed said trade-name so appropriated, adopted, and first used by petitioner, in that, on October 25, 1926, they filed in the office of the clerk of the superior court of Muscogee County a petition for incorporation, wherein and whereby they, with intent to deceive and for the purpose of misleading the public, and with the intention to injure and damage petitioner's business and appropriate the good will thereof, adopted as a trade-name the name Industrial Loan & Finance Company; and did by

Corporations, 14 C. J. p. 326, n. 80; p. 330, n. 93.

Trade-Marks, Trade-Names & Unfair Competition, 38 Cyc. p. 756, n. 53; p. 765, n. 89; p. 768, n. 93, 12; p. 781, n. 90; p. 782, n. 32; p. 821, n. 90.

the adoption of said name simulate and infringe petitioner's trade-name. Petitioner is informed and believes that the defendants are engaged and contemplate engaging in a business similar to the business conducted by petitioner. The particular business the defendants expect to engage in, as set out in their application for charter, is "the lending of money to firms, persons, or corporations, upon such security or indorsement as said corporation may deem proper, and to engage in a general loan business." Said business being a similar business, and having adopted a similar name, the defendants have wilfully and wrongfully simulated the trade-name of petitioner in such a way as is calculated to, and will, deceive and mislead the public, and appropriate to the use of the defendants the good will of petitioner's business. Defendants' trade-name so closely resembles that adopted and first used by petitioner that it is calculated to, and will, deceive intended customers of petitioner. The engaging of the defendants in a similar business in the same city, and the immediate territory where petitioner is engaged in business, will cause confusion to the public, and damage petitioner, and impair the good will of its said business. If the defendants or any of them, or any other person or persons acting with or for them, are allowed to operate defendants' business under said name of Industrial Loan & Finance Company, the name that has been heretofore appropriated by the plaintiff in developing said business, in advertising the same, and in establishing the good will thereof, will have been a total loss to petitioner, and it will be impossible to determine the exact damage which will be sustained by it. Petitioner prayed that the defendants be enjoined from operating as a firm, corporation, copartnership, or in any other manner whatsoever, any business in the name of Industrial Loan & Finance Company, and from prosecuting its application for a charter under said name.

To this petition the defendants demurred upon the grounds: (a) that it sets out no cause of action; (b) that there is no equity in the petition; (c) that it does not show that petitioner is entitled to the relief prayed; (d) that the facts alleged do not show that the defendants are, or are likely to become, infringers of any rights of petitioners; and (e) that the name Industrial Investment Company and the name Industrial Loan & Finance Company are not near enough alike to cause the general public, in the exercise of

ordinary care, to think that the names are the same. The court sustained the demurrer, and the petitioner excepted.

*McCutchen, Bowden & Gaggstatter,* for plaintiff.

*A. W. Cozart,* for defendants.

HINES, J. 1. An infringement of the real or trade-name of a corporation arises whenever there is such a colorable imitation thereof by another that the general public, in the exercise of ordinary care, might be led to believe that the imitation is the name of the corporation first appropriating the same. *Lane* v. *Evening Star Society,* 120 *Ga.* 355 (47 S. E. 951) ; *Rome Machine etc. Co.* v. *Davis Foundry etc. Works,* 135 *Ga.* 17 (68 S. E. 800) ; *Saunders System etc. Co.* v. *Drive It Yourself Co.,* 158 *Ga.* 1 (123 S. E. 132) ; Gilman *v.* Hunnewell, 122 Mass. 139. This principle is applicable where the names are substantially similar. *Creswill* v. *Knights of Pythias,* 133 *Ga.* 837 (67 S. E. 188, 134 Am. St. R. 231, 18 Ann. Cas. 453) ; *Emory* v. *Odd Fellows,* 140 *Ga.* 423 (78 S. E. 922).

2. The following names have been held not to be so similar as to come within this prohibition: "Los Angeles Trust & Savings Bank" and "Los Angeles Savings Bank" (In re Los Angeles Trust Co., 158 Cal. 603, 112 Pac. 56) ; "Elgin Creamery Company" and "Elgin Butter Company" (Elgin Butter Co. *v.* Elgin Creamery Co., 155 Ill. 127, 40 N. E. 616) ; "Industrial Mutual Deposit Company" and "Central Mutual Deposit Company" (Industrial Mut. Deposit Co. *v.* Central Mut. Deposit Co., 112 Ky. 937, 66 S. W. 1032) ; "Michigan Savings Bank of Detroit, Mich.," doing business as Michigan Savings Bank, and "The Bank of Michigan" (Michigan Sav. Bank *v.* Dime Sav. Bank, 162 Mich. 297, 127 N. W. 364, 139 Am. St. R. 558) ; "Plant Seed Company" and "Michel Plant and Seed Company" (Plant Seed Co. *v.* Michel Plant etc. Co., 37 Mo. App. 313) ; "Corning Glass Works" and "Corning Cut Glass Company" (Corning Glass Works *v.* Corning Cut Glass Co., 197 N. Y. 173, 90 N. E. 449) ; "Richardson & Boynton Company" and "Richardson & Morgan Company" (Richardson etc. Co. *v.* Richardson etc. Co., 8 N. Y. Supp. 52). See *Carter* v. *Carter Electric Co.,* 156 *Ga.* 297 (119 S. E. 737) ; *Goldberg* v. *Goldberg,* 159 *Ga.* 761, 765 (126 S. E. 823) ; 14 C. J. 310, § 374, c, note 24(a).

4. The name "Industrial Loan & Finance Company" is not

so similar to and such a colorable imitation of the name "Industrial Investment Company," the corporate name of the plaintiff, as would lead the public, in the exercise of ordinary care, to believe that the former name is the name of the latter, and thus bring about unfair competition.

5. Applying the above principles, the court below did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*