## TANNER-BRICE COMPANY *v.* SIMS.

No. 8630. December 17, 1931.

14

*B. P. Jackson* and *L. E. Heath,* for plaintiff in error.
*Saffold, Sharpe & Saffold* and *H. A. Hodges,* contra.

HINES, J.   (After stating the foregoing facts.)

A corporation in this State can by user acquire a right to

use a trade-name other than its corporate name in connection with its business. *Rome Machine &c. Co.* v. *Davis Foundry &c. Works,* 135 *Ga.* 17 (3) (68 S. E. 800) ; *Saunders System Atlanta Co.* v. *Drive It Yourself Co.,* 158 *Ga.* 1 (123 S. E. 132). There is nothing to the contrary in the ruling stated in the case first cited, to the effect that upon an application to amend a charter of a corporation a judge of the superior court can not grant the right to use, or omit to use, at will, some name in addition to the corporate name, so as to form no part of the corporate name, but to pre-empt it against use by other persons or corporations.

■ The precise question for decision in this case is whether or not a corporation in adopting a trade-name can embrace therein the surname of another person, when this is done with the consent of the latter. It is undoubtedly true that in the absence of license, contract, fraud, or estoppel every man has the right to use his own name in any legitimate way. Sims could, unless estopped in one or more of the above ways, use his own name individually or as part of a corporate name in the conduct of a business of the same character as that transacted by the defendant. The general rule is that a natural person, in the absence of self-imposed restraint, has a right to the honest use of his surname in conducting any business, though such use may be detrimental to other individuals of the same name, or to corporations in the charters of which such name forms the whole or an integral part. *Carter* v. *Carter Electric Co.,* 156 *Ga.* 297 (119 S. E. 737) ; Howe Scale Co. *v.* Wycoff, 198 U. S. 118 (25 Sup. Ct. 609, 49 L. ed. 972) ; Seligman *v.* Fenton, 286 Pa. 372 (133 Atl. 561, 47 A. L. R. 1186, 1190), and cit. But the defendant corporation is not undertaking to enjoin Sims from so doing. Sims is undertaking to enjoin the defendant corporation from using in the conduct of its business a trade-name which embraces his surname.

By the common law the right of the plaintiff to the injunctive relief sought must be based either upon the ground that the use of his name in the trade-name of the defendant is without his consent and brings about unfair competition, or upon the ground that it violates his right of privacy. The first ground upon which the plaintiff bases his right to enjoin the defendant from using the name "Sims Service Stores" in the conduct of its retail grocery business is not well taken. By the common law, where no question of

trade or business is involved, or any special injury to character, reputation, or property, a person has generally no such exclusive right to the use of his name as will enable him to prevent its assumption or use by another. He has such right where it is given by statute, or, according to some authorities, where such right is protected under the so-called right of privacy. 45 C. J. 382 (§ 18). By the common law, unless both the plaintiff and defendant were engaged in the same line of business, there could be no competition whatever between them; and the former would not be entitled to enjoin the latter from carrying on its business on the ground of unfair trade competition. Unless this rule has been changed by statute, there can be no recovery by the plaintiff, unless it appears that there has been or is likely to be a wrongful appropriation of trade which belonged to him. Where he was not engaged in the retail grocery business and hence there was no competition between him and the defendant in that line of business, there can not be any unfair competition. So it has been held that "One operating a chain of theaters under his own name can not enjoin another from conducting a theater under the same name in a place where no unit of the chain exists." Loew's Boston Theatres Co. *v.* Lowe, 248 Mass. 456 (143 N. E. 496, 36 A. L. R. 919). Where the right to injunction is based upon unfair competition, one of the essentials to relief is to show competition between the business of the plaintiff and that of the defendant. The goods of both parties must be sold, or at least offered for sale, in the same market. In the absence of statute, the right to use the name of an individual in a corporate trade-name without his consent depends entirely on the law in relation to trade-marks, trade-names, and unfair competition. For a corporation or an individual to adopt and use as a part of a trade-name a personal surname is not unlawful as against an individual having the same surname but not engaged in the same business, even though no one of that name is connected with such corporation or individual, unless the name is adopted or used purposely to mislead the public as to the identity of the corporation with another establishment, and thus cause injury to the latter, or the adoption is prohibited by statute. 14 C. J. 317 (§ 376) d. There is nothing in the common law prohibiting a person from taking any other name he may choose. Hopkins on Trade-Marks, Trade-Names, and Unfair Competition, § 75; England *v.* New York Pub. Co., 8

Daly, 375; In re Snook, 2 Hilt..566; Linton *v.* First National Bank, 10 Fed. 894; Smith *v.* U. S. Cas. Co., 197 N. Y. 420 (90 N. E. 947, 26 L. R. A. (N. S.) 1167, 18 Ann. Cas. 701).

In this case the plaintiff was a party to the arrangement by which the defendant inserted in its trade-name his surname. This was done by the defendant under license from the plaintiff. Furthermore, under the facts it may well be asserted that this was done by agreement between the plaintiff and the defendant. The plaintiff was a party to the transaction under which his surname was placed in the trade-name of the defendant. If the right to so use the surname of the plaintiff rested upon a parol license, such license was primarily revocable; but this is not so when the licensee has executed it, and in so doing has incurred expense. *Sheffield* v. *Collier,* 3 *Ga.* 82; *Southwestern R. Co.* v. *Mitchell,* 69 *Ga.* 114; *Brantley* v. *Perry,* 120 *Ga.* 760 (48 S. E. 332); *Cherokee Mills* v. *Standard Cotton Mills,* 138 *Ga.* 856 (76 S. E. 373); *Woodruff* v. *Bowers,* 165 *Ga.* 408 (140 S. E. 844); Civil Code (1910), § 3645. It is now well settled in this State, that, as between private persons, a parol license, though primarily revocable, is not so when the licensee has executed it, and in so doing has incurred expense. *City Council* v. *Burum,* 93 *Ga.* 74 (19 S. E. 820, 26 L. R. A. 340). "But while it may be stated generally that a mere license without consideration is determinable at the pleasure of the licensor, yet it has been held that if the enjoyment of a license must necessarily be and is preceded by the expenditure of money, such license then becomes an agreement on a valuable consideration, and is irrevocable." 26 R. C. L. 868, § 48; Harris *v.* Brown, 202 Pa. 16 (51 Atl. 586, 90 Am. St. R. 610). This principle is applicable to a trade-name. Harris *v.* Brown, supra.

In this case the right of the defendant to use the surname of the plaintiff in its trade-name rests both upon an agreement that the defendant should have this right and upon a parol license, which became executed and irrevocable by expenditures made by the defendant in the exercise thereof.

■ Is the right of the defendant to use the surname of the plaintiff in its trade-name prohibited by statute in this State? It is made a misdemeanor for "Any firm, person, corporation, or association, who shall use the name or seal of any other person, firm, corporation, or association, in and about the sale of goods or otherwise,

not being authorized to use the same, knowing that such use is unauthorized, with intent to deceive the public in the sale of goods." Penal Code, § 257. The present case does not fall within this statute, by reason of the fact that the name of Sims in the trade-name of the defendant was authorized by him. By the express provisions of the statute the name of a person can be used by another in the conduct of his business with the consent of the person whose name is used. Besides, it is questionable whether the word "name," as used in this statute, does not refer to the full name of a party and not to his surname alone. Pfaulder *v.* Pfaulder Co., 186 N. Y. S. 725 (114 Misc. 477).

■ But it is insisted by counsel for the plaintiff that the use by the defendant of the surname of the former in its trade-name violates his right of privacy. This contention is based upon the decision in *Pavesich* v. *New England Life Ins. Co.,* 122 *Ga.* 190 (50 S. E. 68, 69 L. R. A. 101, 106 Am. St. R. 104, 2 Ann. Cas. 561), which recognizes the existence of the right of privacy. In this case it is unnecessary for us to discuss what constitutes this right. In the case cited it was distinctly recognized that the right of privacy might be waived. In the case under consideration it is insisted that the use of the surname of the plaintiff by the defendant in its trade-name violates this right of privacy. Without stopping to consider whether the use of his surname violates his right of privacy or not, the plaintiff under the facts of this case has waived such right. He expressly consented to the use of his surname in the trade-name adopted by the defendant. In so doing he waived any right of privacy which he had in this matter. It follows that he had no right to enjoin the defendant from using his surname in its trade-name upon the ground that it violated any right of privacy which he possessed.

■ The trial judge did not pass upon the question whether or not the defendant was violating section 3165 of the Civil Code, which provides, in part, that "No partnership may lawfully insert in their firm name or style the name of any individual not actually a co-partner, nor continue in such firm name or style the name of a retired partner." But if the question were properly before this court for decision, that section has no application under the facts of this case. The defendant is not a partnership, and for this reason does not come within the purview of this section. As we

have seen, a corporation can adopt a trade-name. This does not amount to a partnership inserting therein the name of a person who is not actually a member of the firm, or of continuing a retired partner's name in the partnership name or style.

Applying the rulings stated above, the judge erred in granting the interlocutory injunction.

*Judgment reversed. All the Justices concur.*