GANO *et al. v.* GANO *et al.*

No. 16083. APRIL 13, 1948. REHEARING DENIED MAY 14, 1948.

*Abraham J. Walcoff* and *Fenster & Fenster, for plaintiffs.*

*H. O. Hubert Jr., Smith, Kilpatrick, Cody, Rogers & Mc-Clatchey, E. D. Smith Jr.,* and *Harry S. Baxter,* for defendants.

HEAD, Justice. There can be no doubt, under decisions of this court, but that a corporation has the exclusive right to the use of its own name; or that it may acquire a trade name descriptive of its goods or services that will be protected in a court of equity. *Saunders System* v. *Drive It Yourself Co.,* 158 *Ga.* 1 (123 S. E. 132); *Rome Mach. Co.* v. *Davis Foundry Co.,* 135 *Ga.* 17 (68 S. E. 800). A person may acquire a trade name so descriptive of his goods or services that it will be protected in a court of equity. *Saunders System* v. *Drive It Yourself Co.,* supra.

The plaintiffs in error (plaintiffs in the court below) do not allege or claim any right to the name used by them as having been acquired under any law pertaining to copyright, registration, or incorporation. They allege that the name used by the defendants Gano, "Atlanta, Georgia Rug Company," "was with the intention of engaging in unfair competition with plaintiffs," and for the purpose of deceiving the public into thinking that the businesses of the plaintiffs and the defendants were the same, and that the advertising used by the defendants (in the Atlanta Telephone Directory) was "similar in appearance" with advertising used by the plaintiffs.

Where the right claimed to equitable relief is based upon the similarity of the defendants' trade name with that of the plaintiff, the similarity in names must be such as would likely mislead the public and cause purchasers of ordinary caution and diligence to believe that the goods or services of one were the goods or services of the other. *Saunders System* v. *Drive It Yourself Co.,* supra; *Atlanta Paper Co.* v. *Jacksonville Paper Co.,* 184 *Ga.* 205, 213 (190 S. E. 777). No such similarity appears in this case, unless the geographical name "Atlanta" has acquired a secondary meaning as indicating the business of the plaintiffs. The plaintiffs' trade name, "Atlanta Rug Cleaning and Dyeing Company,"

and the defendants' trade name, "Atlanta, Georgia Rug Company," contain only three words that are the same. The words, "Rug" and "Company," appearing in both trade names, are words of general meaning, and such words are not ordinarily subject to exclusive use in a trade name to such extent that the words may be protected in a court of equity. The words, "Rug Cleaning and Dyeing," in the plaintiffs' trade name indicate the nature of the plaintiffs' business as alleged in the petition, to wit, rug cleaning and dyeing. The words, "Rug Company," in the trade name of the defendants do no indicate the nature of the defendants' business. In so far as the name implies, the defendants may be engaged in the manufacture of rugs, or they might be engaged in the business of selling rugs at wholesale, or at retail. Obviously, the words, "Rug Company," do not necessarily imply that the defendants are engaged in the business of cleaning and dyeing rugs. The word "Georgia" in the trade name of the defendants does not appear in the trade name of the plaintiffs, and it can not be claimed that it is in any way related to the trade name of the plaintiffs.

Counsel for the plaintiffs in error cite many authorities to the effect that a geographical name may acquire a secondary meaning indicative of a product, and that the name as employed may be the subject of protection against unfair competition in trade. This rule has been so clearly stated by this court (and by the courts of this country) that it does not require citation of authorities here. It is contended that the facts of this case place it "squarely within the decision of the Federal Circuit Court in the case of Elgin National Watch Company v. Loveland, 132 Fed. 41." This contention is without merit. In the Elgin case the plaintiff alleged its business to be "one of the largest of its kind in the world. That its product is sold all over the United States, and to a large extent abroad." It was also alleged that its product had acquired a high reputation for accuracy and durability, that it had been spending $75,000 a year for many years in advertising its product, that its corporate name is seldom used, and that the name "Elgin" has come to point distinctively to the plaintiff. The petition in the Elgin case fully described the plaintiff's business and that of the defendant, and

fully set forth wherein it was claimed that the word "Elgin" had acquired a secondary meaning indicative of the plaintiff's business, with further allegations as to the nature of the injury and damage claimed by the use of such word in the trade name, "Elgin Jewelry Company," used by the defendant.

In this case the only allegations of the petition which could possibly be said to give a secondary meaning to the geographical word "Atlanta" are that the plaintiffs have been in the business of cleaning and dyeing rugs since 1940 within a radius of fifty miles of Atlanta, and have since that date advertised their business in the Atlanta Telephone Directory. The petition does not allege that the pleaded facts have given the word "Atlanta" a secondary meaning indicative of their services. In a supplemental brief counsel state: "Plaintiffs in error show that the allegations made in their petition concerning the length of time during which they had used their trade name and during which they had advertised same are sufficient to raise the inference of that name having acquired a secondary meaning." Counsel thus concedes that the petition does not contain any direct allegation that the word "Atlanta" has acquired a secondary meaning. If we were authorized to give the allegations made the construction most favorable to the plaintiffs, the petition would fail to state a cause for equitable relief. But the rule is otherwise when the petition is attacked by general demurrer. It must be construed most strongly against the pleader. *Jones* v. *Robinson*, 172 *Ga.* 746 (158 S. E. 752); *Bowman* v. *Chapman*, 179 *Ga.* 49 (175 S. E. 241); *Harrell* v. *Burch*, 195 *Ga.* 96, 99 (23 S. E. 2d, 434); *Highnote* v. *Jones*, 198 *Ga.* 56 (31 S. E. 2d, 13). Applying this well recognized rule, the petition failed to state a cause of action, and the general demurrer was properly sustained.

*Judgment affirmed. All the Justices concur, except Jenkins, C. J., and Atkinson, J., who are disqualified.*