## FIRST FEDERAL SAVINGS & LOAN ASSOCIATION *v.* FIRST FINANCE & THRIFT CORPORATION.

No. 17388. MARCH 12, 1951.

*Herbert Johnson, Henry M. Hatcher Jr.,* and *William L. Moore,* for plaintiff.

*Fine & Efurd* and *Noah J. Stone,* for defendant.

ALMAND, Justice. The exception here is to a judgment dismissing on general demurrer the petition of First Federal Savings and Loan Association against First Finance and Thrift Corporation, wherein the plaintiff sought to enjoin the defendant from using any part of its corporate name, and from using the words "First" or "First Finance" in its business.

In substance, it is alleged: In 1924 the plaintiff was organized as First Mutual Savings Association, and in 1934 it converted from a State charter to a Federal charter and took its present name. It has conducted its business at 46 Pryor Street, N. E., in Atlanta for over 25 years, and in the course of its advertising program for 16 years has used such slogans as "See Federal First," and has used consistently and extensively the words "First" and "First Federal," and the use of the name "First Federal" and "First Federal Loan" have been so extensive as

now to be identified by the public as being the business of the plaintiff. The defendant, on or about July 5, 1950, opened a place of business for the purpose of making loans, at 8 Pryor Street N. W., in Atlanta, and advertised in newspapers such phrases as "First Finance & Thrift offers a complete loan service," and "Investigate First's Honor Plan," and using the words "First" and "First Finance" or "Finance & Thrift Corp.," in identifying itself. The defendant, in selecting the words "First" and "First Finance," did so for a fraudulent and illegal purpose, so as to capitalize upon the valuable reputation of the plaintiff, and confusion has resulted, in that letters and other mail intended for the defendant are addressed to the plaintiff, and the plaintiff receives telephone calls and personal inquiries of members of the public inquiring about small loans.

It is alleged in paragraph 17 as follows: "As a result of the adoption of the name 'First Finance & Thrift Corp.,' or as it is more generally known 'First Finance,' your petitioner is being deprived of the benefit of the reputation acquired by its high character and popularity among the public and throughout the community, and the defendant is misleading the public. Such deceptive conduct is unfair competition and is a fraud upon the public and upon your petitioner, destroying the good will established by petitioner and causing irreparable damages."

There are no allegations as to when the defendant was incorporated or granted the use of its name, nor any allegations as to the nature or character of the defendant's business other than that it is the loan business. From the name of the plaintiff, we assume it to be a building and loan association (Ga. L. 1937-38, Ex. Sess. pp. 307, 314), but there is nothing alleged in the petition that the defendant is in a like business.

The basis upon which the plaintiff would be entitled to equitable relief is: Having first acquired the use of the word "First" as a part of its corporate name, a colorable imitation of the same by the defendant in such a manner that the general public, in the exercise of ordinary care, might think it the name of the plaintiff, constitutes an infringement of the plaintiff's right and a fraud on its use of its corporate name, where the defendant, by the use of a similar name, intends to create an impression in the minds of the public that its name and that of the plaintiff,

which first appropriated the name, are the same. *Saunders System Atlanta Co.* v. *Drive It Yourself Co. of Georgia*, 158 *Ga.* 1 (123 S. E. 132). The similarity of names must be such as is likely to mislead customers of ordinary caution and prudence into the belief that the services of the defendant are those of the plaintiff. The French Republic *v.* Saratoga Vichy Spring Co., 191 U. S. 427 (24 Sup. Ct. 145, 48 L. ed. 247). Clearly, the corporate name of the defendant as a whole is not similar to the corporate name of the plaintiff as a whole. The only similar word that is used in the two corporate names is the word "First." The use of the word "First" as a part of its corporate name by the defendant does not of itself warrant a conclusion that the defendant's action was for the purpose of deception and fraud. Even if the plaintiff and the defendant were engaged in the same competitive business, the plaintiff would not have the right to appropriate the use of the word "First" to the exclusion of the defendant in the use of the word as a part of its corporate name, without specific allegations of fact as to how the use of the word deceives the public, and in what manner the use of the word "First" has actually deceived the public into the belief that the word "First" referred to its name. The name "First Finance and Thrift Corporation" is not so similar as to be such a colorable imitation of the plaintiff's corporate name as would lead the public, in the exercise of ordinary care, to believe that the former is the name of the latter, and bring about unfair competition. The allegations of the petition, that the name selected by the defendant was "for a fraudulent and illegal purpose and capitalizes upon the valuable reputation of petitioner," that "great confusion has resulted in the adoption of the said name by the defendant," that "such adoption was calculated to deceive the public," and that "such deceptive conduct is unfair competition and is a fraud upon the public and upon your petitioner," are all mere general conclusions without any specific allegations of fact from which an inference could be drawn that the conduct of the defendant was in fact fraudulent and done for the purpose of deception and did actually deceive the public. In *Industrial Investment Co.* v. *Mitchell*, 164 *Ga.* 437 (138 S. E. 908), it was held that the name "Industrial Loan & Finance Company" was not such a colorable imitation

of the name "Industrial Investment Company" as to authorize the grant of equitable relief. On the question of similar names, see annotations in 66 A.L.R. 948, and 115 A.L.R. 1241.

Nor can it be said as a matter of law, under the allegations of the petition, that the plaintiff's use of the word "First" is fraudulently infringed by the defendant's use of the words "First" and "First Finance," and "Investigate First's Honor Plan," and that such use misleads the public into believing that the defendant's business was the same as the plaintiff's. See *Atlanta Paper Co.* v. *Jacksonville Paper Co.*, 184 *Ga.* 205 (190 S. E. 777); International Heating Co. *v.* Oliver Oil Gas Burner & Machine Co., 288 Fed. 708; Benjamin T. Crump Co. *v.* J. L. Lindsay Inc., 130 Va. 144 (107 S. E. 679, 17 A.L.R. 747). The case of *Kay Jewelry Co.* v. *Kapiloff*, 204 *Ga.* 209 (49 S. E. 2d, 19) is clearly distinguishable on its facts from the instant case.

The court committed no error in sustaining the defendant's general demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur.*