GORDY *v.* DUNWODY *et al.*

No. 18105.  ARGUED JANUARY 14, 1953—DECIDED FEBRUARY 24, 1953.

*Clarke & Anderson, Paul H. Anderson, Wallace Miller Jr.* and *Miller, Miller & Miller,* for plaintiff in error.

*Hall & Bloch* and *Denmark Groover Jr.,* contra.

DUCKWORTH, Chief Justice. ■ That the petitioner by long use and registration had acquired a right to the trade-mark and trade name "The Varsity," is clearly shown by the petition. Therefore, at the outset it is necessary to determine whether or not this trade name and trade-mark of the petitioner is infringed and imitated by the trade name of the defendants, which is "Varsity Drive-in." It is readily seen that the word "Varsity" is common to both and the other words in each are relatively unimportant, and undoubtedly some people would confuse the two and conclude that they were the same, but that is not the test the law makes. If a reasonably cautious person would mistakenly confuse the two trade names of the parties and believe that the separate businesses had a common ownership, then the imitation, if other legal requisites are present, would be unlawful. *Industrial Investment Co.* v. *Mitchell,* 164 *Ga.* 437 (138 S. E. 908); 52 Am. Jur., p. 501, Trademarks, Tradenames, etc. Because each contains the word "Varsity" and the parties are engaged in precisely the same kind of business, and the methods of operation are identical, we must conclude that any reasonably cautious person might well believe that they are the same.

■ A decision in this case is made more difficult by reason of the fact that the petition throughout links trade name and trade-mark together in all allegations of infringement and imitation as grounds for the relief sought. The two are identical, being "The Varsity," and doubtless by joining allegations of infringement it is hoped that, if it be held that there has been no infringement of the one, a ruling that the other has been illegally imitated will sustain the action, and that is precisely what we shall hold in this opinion. Counsel for the defendants challenge this mixture of allegations, upon the contention that this constitutes alternative pleading and subjects the petition as a whole to the rule that where an alternative pleading is assailed by a demurrer, if either of such alternatives is found

invalid, the entire pleading must be dismissed. *Consolidated Distributors* v. *City of Atlanta,* 193 *Ga.* 853, 858 (20 S. E. 2d, 421); *W. P. Brown & Sons Lumber Co.* v. *Echols,* 200 *Ga.* 284 (36 S. E. 2d, 762). The fallacy of this contention of counsel is that these matters are not pleaded in the alternative but on the contrary are pleaded conjunctively, that is, both are alleged to have been infringed and imitated and the right to the relief sought is predicated thereon. When such pleadings are attacked by demurrer, if either the trade-mark or trade name has been infringed or imitated contrary to law and the other has not, the petition is sufficient to withstand the demurrer.

Our statutory law, as it appeared in Code § 106-101 and as it now appears in Georgia Laws, 1952, page 134, which repealed the foregoing Code section, so describes and defines the trade-mark therein referred to as to clearly distinguish it from a trade name. The former law described trade-mark as "any label, trade-mark, or form of advertisement," adopted for the protection of goods by attaching such label, trade-mark, and form of advertisement to such goods to show the manufacturer thereof. And it further provided that "it shall be unlawful for any person or corporation to counterfeit or imitate such label, trade-mark, or form of advertisement with intent to use the same for the purpose of deceiving the public in the sale of the goods." The 1952 act, by section 6 (a) and (e), repeats the substance of the old law and clearly confines the use and purpose of a trade-mark to the placing of it upon the goods and the containers or on the tags and labels affixed thereto to distinguish them from goods made or sold by others. These provisions of our law, restricting the meaning and function of a trade-mark to the identification of goods and their manufacture, are in complete harmony with the general law on the subject. See 42 Words & Phrases, p. 253. A trade name primarily identifies the owner or operator of a business and may also be used to identify the goods handled by such owner.

Although the amended petition alleges that the defendants constantly display the word "Varsity" upon their premises, and it is contended that this constitutes an infringement of the trade-mark, yet under the definition of trade-mark in the law above cited this would not constitute an infringement. There-

fore, in order that the case relating to the alleged imitation of trade name might be clearly presented and tried, all allegations in the amended petition with reference to the trade-mark should, in the absence of allegations of infringement, be stricken from the petition.

■ We now consider the petition and demurrers in so far as they relate to illegal imitation of the petitioner's trade name. We believe that this court has heretofore adequately and plainly discussed the essential requisites to the maintenance of an action to prevent the imitation of a trade name. See *Larrabee & Co.* v. *Lewis,* 67 *Ga.* 561 (44 Am. R. 735) ; *Foster, Milburn & Co.* v. *Blood Balm Co.,* 77 *Ga.* 216 (3 S. E. 284) ; *Creswill* v. *Grand Lodge K. P. of Georgia,* 133 *Ga.* 837 (67 S. E. 188) ; *Emory* v. *Grand United Order of Odd Fellows,* 140 *Ga.* 423 (78 S. E. 922) ; *Carter* v. *Carter Electric Co.,* 156 *Ga.* 297 (119 S. E. 737) ; *Industrial Investment Co.* v. *Mitchell,* 164 *Ga.* 437 (138 S. E. 908) ; *Tanner-Brice Co.* v. *Sims,* 174 *Ga.* 13 (161 S. E. 819) ; *Gano* v. *Gano,* 203 *Ga.* 637 (47 S. E. 2d, 741) ; *Kay Jewelry Co.* v. *Kapiloff,* 204 *Ga.* 209 (49 S. E. 2d, 19) ; *First Federal Sav. & Loan Assn.* v. *First Finance & Thrift Corp.,* 207 *Ga.* 695 (64 S. E. 2d, 58) ; *Womble* v. *Parker,* 208 *Ga.* 378 (67 S. E. 2d, 133). Our only comment upon the foregoing decisions at this time will be confined to the contention of counsel for the defendants in error that the decision in *Kay Jewelry Co.* v. *Kapiloff,* 204 *Ga.* 209 (supra), is in conflict with *Tanner-Brice Co.* v. *Sims,* 174 *Ga.* 13 (supra), is unsound, and should be disapproved. The decision in the *Tanner-Brice* case was expressly based upon the fact that the complainant there had given his oral consent to the use of his name and the user had incurred expenses in reliance thereon, and that therefore the consent was irrevocable. All discussion in the opinion concerning the necessity for direct market competition in order to show illegal imitation and infringement as required under the common law was plainly obiter dicta. Therefore no conflict in the two decisions appears. The decision in the *Kay* case is in accord with Code § 37-712, where it is provided that "any attempt to encroach upon the business of a trader, or other person, by the use of similar trade-marks, names, or devices, with the intention of deceiving and misleading the public, is a fraud for which equity will grant relief."

An encroachment upon the business of another may be made without direct market competition. Such an encroachment was found in the *Kay* case, where credit methods that caused dissatisfied customers did injury to the credit business of the first user by damaging its reputation. It was there considered that the imitator sought to profit by the reputation of the first user in its crediting system.

In the present case, it is doubtful if direct competition is shown, since the businesses of the first user are located in Atlanta and Athens and that of the second user is in Macon. Yet they are engaged in the same type of business and their general methods of operation are precisely the same, and it is alleged that the defendants imitated the trade name of the petitioners for the purpose of and with the intention of deceiving and misleading the public to believe that they were the same. The above Code section declares that such practice is fraud for which equity will grant relief. The petition therefore alleges such facts that, if proven upon a trial, would entitle the petitioner to the relief sought. For the reason set forth in the foregoing opinion, the court erred in sustaining both the general and special demurrers in so far as the allegations relating to the trade name are concerned, but it was not error to sustain such demurrers in so far as they relate to the allegations concerning an infringement of the trade-mark; nor was it error to strike paragraphs 32 and 33 of the petition which allege interference with future expansion of the petitioner's business.

*Judgment reversed in part and affirmed in part. All the Justices concur, except Wyatt, J., who dissents, and Atkinson, P. J., not participating.*