19326. EAST GEORGIA MOTOR CLUB *v.* AAA FINANCE COMPANY.

ARGUED MAY 16, 1956—DECIDED JUNE 12, 1956.

E. B. *Judge, George A. Edmund,* for plaintiff in error.
*Arnold S. Kaye,* contra.

HEAD, Justice. Counsel for the petitioner insist that the present case "is exactly in point" with the case of *Kay Jewelry Co.* v. *Kapiloff,* 204 *Ga.* 209 (49 S. E. 2d 19). This contention can not be sustained. In the *Kay* case positive averments of fact were made as to the essential elements of unfair competition under Code § 37-712. In the present case it is not alleged when the petitioner became affiliated with the American Automobile Association; it is not alleged whether the petitioner claims it "has the sole and exclusive right to exhibit the symbol 'AAA' " by reason of its affiliation with the American Automobile Association, or whether the right is claimed by reason of prior use by the petitioner in the Augusta area; it is not alleged when the American Automobile Association started using the letters "AAA"; it is not alleged when the defendant was incorporated, or when it first transacted business in Augusta, or when the defendant first used the letters "AAA" in Augusta.

It is alleged that the defendant opened an office on October 20, 1954, and "did advertise and display the trade name or mark 'AAA' in bold letters across the front of the building occupied by defendant." The petitioner does not allege any similarity in the way the three A's are printed or displayed in the defendant's corporate name, to the use of the symbol "AAA" by the petitioner. It is not alleged that the defendant's use of the three A's in its corporate name is for the fraudulent purpose of leading the public to believe that the defendant is an affiliate of the American Automobile Association, and it is not alleged that the petitioner's use of the symbol "AAA" identifies it as an affiliate of the American Automobile Association to such persons as might desire to do business with the association.

On general demurrer the petition will be construed most strongly against the pleader (*Lee* v. *City of Atlanta,* 197 *Ga.* 518, 520, 29 S. E. 2d 774), and if an inference unfavorable to the party claiming the right may fairly be drawn from the facts alleged, such inference will prevail in determining the rights of the parties. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867).

In the present case there are no averments of fact to show either a prior right or prior use by the petitioner of the symbol "AAA" in the Augusta area, and no fact is alleged to show that the public has been deceived, or that a reasonably cautious person would probably be deceived by the act of the defendant in using its corporate name on the building occupied by it. *Ellis* v. *J. H. Zeilin & Co.*, 42 *Ga.* 91; *Foster, Milburn Co.* v. *Blood Balm Co.*, 77 *Ga.* 216 (3 S. E. 284); *Saunders System Atlanta Co.* v. *Drive It Yourself Co. of Ga.*, 158 *Ga.* 1 (123 S. E. 132); *First Federal Savings &c. Assn.* v. *First Finance &c. Corp.*, 207 *Ga.* 695 (64 S. E. 2d 58); *Womble* v. *Parker*, 208 *Ga.* 378 (67 S. E. 2d 133); *Gordy* v. *Dunwody*, 209 *Ga.* 627 (74 S. E. 2d 886).

The trial court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*