22123. CITIZENS JEWELRY COMPANY v. SAVELLE JEWELRY COMPANY OF ALBANY, INC.

ARGUED SEPTEMBER 9, 1963—DECIDED NOVEMBER 7, 1963.

*Farkas, Landau & Davis*, for plaintiff in error.
*Perry, Walters & Langstaff*, contra.

HEAD, Presiding Justice. It is the law of this State that words or names which have a primary meaning of their own, may by long use in connection with a business or trade be understood by the public as designating the goods, service, or business of a particular trader. This is what is known as the doctrine of secondary meaning. "A court of equity will enjoin the use of such names by a competitor, upon the principle of unfair competition." *Saunders System Atlanta Co. v. Drive It Yourself Co. of Ga.*, 158 Ga. 1 (2a) (123 SE 132); *Rome Machine &c. Co. v. Davis Foundry &c. Works*, 135 Ga. 17 (2) (68 SE 800). The Georgia rule, known as the doctrine of secondary meaning, is the general rule in this country. See *Coca-Cola Co. v. Koke Co.*, 254 U.S. 143 (41 SC 113, 65 LE 189); *Armstrong Paint & Varnish Works v. NuEnamel Corp.*, 305 U.S. 315 (59 SC 191, 83 LE 195); 52 Am. Jur. 554, Trademarks, etc., § 72; 87 CJS 355, Trade-Marks, etc., § 104; 150 ALR 1067.

In the present case the plaintiff alleged facts to show that its name "Citizens" has acquired a secondary meaning representative of its goods and merchandise, and that the use of its name "Citizens" by the defendant is for the fraudulent purpose of deceiving and misleading the public, and constitutes an unfair trade practice.

Counsel for the defendant have not cited any case (nor has

our search revealed one) where this court has approved a judgment sustaining a general demurrer in an action for infringement on a trade name where facts were alleged to show that the plaintiff's name had acquired a secondary meaning, and the allegations otherwise supported the cause of action. In *Gano v. Gano,* 203 Ga. 637 (47 SE2d 741), as shown by the opinion in that case, the plaintiff failed to allege facts to show that its name had acquired a secondary meaning. The decisions of this court in *First Federal Savings &c. Assn. v. First Finance &c. Corp.,* 207 Ga. 695 (64 SE2d 58), and *Fraser v. Singer,* 211 Ga. 26 (83 SE2d 599), were not based upon the doctrine of secondary meaning. Secondary meaning was in issue in *Atlanta Paper Co. v. Jacksonville Paper Co.,* 184 Ga. 205 (190 SE 777), where there was a jury trial.

In the present case the petition alleges a cause of action and it was error to sustain the general demurrer.

*Judgment reversed. All the Justices concur, except Mobley, J., who dissents.*