24863. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA v. FIRST FEDERAL MANAGEMENT CORPORATION et al.

Submitted September 13, 1968—Decided October 10, 1968—Rehearing denied November 7, 1968.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellant.

*Charles H. Wills,* for appellees.

Almand, Presiding Justice. This appeal is from an order denying an interlocutory injunction.

The First Federal Savings & Loan Association of Atlanta in its complaint sought to enjoin First Federal Management Corporation and its incorporators from using the name "First Federal Management Corporation." The plaintiff alleged that it was granted a charter in 1934 as a federal savings and loan association and since that time has continuously used its corporate name in its business activities in the City of Atlanta, that the defendants were incorporated in May of 1968 with their principal office in Atlanta and that the use of the name "First Federal Management Corporation" constitutes a dilution of the name and reputation enjoyed by plaintiff for over 30 years.

The defendants in their response denied the material allegations of the petition. After hearing evidence the trial court denied the plaintiff's prayers for an interlocutory injunction.

The evidence on behalf of the plaintiff was that: It has been in operation as a savings and loan association in Atlanta since

726

1934. There are 22 savings and loan associations in Georgia that use the name "First Federal" in the titles of such associations. Plaintiff has in its advertisements and promotions for many years used the name "First Federal," and the public associates the words "First Federal" as being the business of plaintiff.

The evidence on behalf of the corporate defendant was that the nature of its business was rendering business management, consulting and brokerage services to others, that it was in no way connected with the business of banking or savings and loan associations and is not in any manner a competitor of the plaintiff and that since defendant corporation was chartered in October of 1967, it has never received a letter or telephone call intended for the plaintiff.

There was no evidence that the defendants were engaged in a business or trade similar to the plaintiff's business or trade. There was no evidence that the defendant corporation by any act had led the general public to believe that the defendants' business was that of the plaintiff or that the defendants had performed any act that tended to dilute the plaintiff's use of the corporate name "First Federal." Under the evidence in this case, the name "First Federal Management Corporation" is not such a colorable imitation of the name "First Federal Savings & Loan Association" as to lead the public, exercising ordinary care, to believe that it refers to the same company, thus causing unfair competition. *First Federal &c. Assn. v. First Finance &c. Corp.,* 207 Ga. 695 (64 SE2d 58); *Industrial Investment Co. v. Mitchell,* 164 Ga. 437 (138 SE 908). See also Federal Securities Co. v. Federal Securities Corp., 129 Ore. 375 (276 P 1100, 66 ALR 934).

It was not error to deny the plaintiff's prayers for an interlocutory injunction.

With the judgment of the trial court being affirmed, we find it unnecessary to consider the defendants' motion to dismiss the appeal.

*Judgment affirmed. All the Justices concur.*