## 41264. ALONSO v. PARFET et al.
(325 SE2d 152)

SMITH, Justice.

Appellant, Dr. Kenneth Alonso, sued appellees to recover for the unsanctioned appropriation of his name. The trial court granted appellees' motion for summary judgment, and the Court of Appeals affirmed the trial court's ruling. *Alonso v. Parfet*, 171 Ga. App. 74 (318 SE2d 696) (1984). We granted certiorari to determine whether appellees are entitled to a verdict as a matter of law. We reverse.

Appellant worked as a laboratory director for appellee Laboratory Procedures South, Inc. (LPS). His job was terminated in March 1979. Although appellant no longer worked for LPS, his name continued to appear along with the title "Laboratory Director" on a number of forms and documents that LPS continued to use. Appellant protested the use of his name by LPS at least twice over a period of months before his name stopped appearing on LPS's reports and documents. A more detailed account of the facts in this case may be found in the Court of Appeals' opinion. *Alonso v. Parfet*, supra.

The courts in this state have long recognized that one who makes an unsanctioned appropriation of another's name or likeness for his own benefit may be liable to that person in tort. *Cabaniss v. Hipsley*, 114 Ga. App. 367 (151 SE2d 496) (1966). Here, appellees listed appellant's name on various forms and documents. The perception created by the use of appellant's name, that this medical doctor was in charge of the general operation of the lab and of some specific tests performed in the lab, could establish a benefit for appellees.

The crucial question here, as the Court of Appeals recognized, is whether the use of appellant's name was sanctioned. In answering this question, we must construe the evidence in favor of the party opposing the motion for summary judgment, here the appellant. *Tri-Cities Hosp. Auth. v. Sheats*, 247 Ga. 713 (279 SE2d 210) (1981).

In *Tanner-Brice Co. v. Sims*, 174 Ga. 13 (161 SE 819) (1931), we held that express consent to the use of an employee's surname in a trade name followed by expenditures in the use of the surname, will establish an irrevocable license to use the surname in the trade name. In *Buchanan v. Foxfire Fund*, 151 Ga. App. 90, 91 (258 SE2d 751) (1979), the Court of Appeals held that an employer gains an irrevocable license to use an employee's work product when the materials in question "[are] collected at a time when [the employee is] in the employ of [the employer]," and the employer incurs expenses in reliance upon the implied license to use the work. *City Council of Augusta v.*

*Burum*, 93 Ga. 68 (19 SE 820) (1893), established limits on "irrevocable" licenses.

The evidence in this case, construed in favor of appellant, does not establish an express license to use appellant's name beyond the term of his employment. Appellant's claim does not involve the use of his name in connection with work performed while he was employed by LPS. Appellees admit that they used appellant's name on various documents unrelated to his employment even after he complained of that use.

While the expenditure of funds may convert an express or an implied license into an irrevocable license, the expenditure of funds cannot expand such a license beyond its original terms. As the Court of Appeals noted, the use of appellant's name on LPS's business documents arose "as a part of [appellant's] employment." In this situation, we hold that absent express agreement, the license granted or implied and made irrevocable by the expenditure of funds is the license to use the employee's name in connection with his employment.[1] Such a license will normally terminate along with the employment, although the employer will have a reasonable time to halt the use of the employee's name.

The measure of damages in an unsanctioned appropriation case such as this is the value of the benefit derived by the person appropriating the other's name or likeness. *Cabaniss*, supra; *Martin Luther King, Jr. Center v. American Heritage Products*, 250 Ga. 135, 142-43 (296 SE2d 697) (1982). To discourage the "inverse condemnation" of a name, the jury may award punitive damages when it finds such an appropriation, and it finds "that the acts of the defendant have been of a character to import premeditation or knowledge and consciousness of the appropriation and its continuation." *Cabaniss*, supra at 386, 387.

We thus hold that appellant granted appellees the right to use his name in conjunction with his employment. The evidence establishes a question of fact as to whether appellees halted the use of appellant's name within a reasonable time after his dismissal. The Court of Appeals erred in affirming the ruling of the trial court.

*Judgment reversed. All the Justices concur.*

---

[1] For example, Foxfire magazine could not have used preprinted forms bearing Buchanan's name to attribute interviews, conducted by someone other than Buchanan after Buchanan had left Foxfire, to Buchanan. The court there only sanctioned the use of Buchanan's name in connection with interviews that he had performed while working for Foxfire. *Buchanan v. Foxfire Fund*, supra.

DECIDED JANUARY 30, 1985.

*Sutherland, Asbill & Brennan, John W. Bonds, Jr., Thomas A. Varlan,* for appellant.
*Kilpatrick & Cody, Matthew H. Patton,* for appellees.