## MAYOR AND COUNCIL OF MILLEDGEVILLE *v.* WOOD.

1. In a suit to recover damages alleged to have been sustained in consequence of the negligence of the defendant, a charge which in effect instructs the jury that if they believe from the evidence that, at the time the injury was received, a given state of facts existed, such facts would constitute negligence on the part of the defendant, is erroneous, when the facts are not such as would, under the operation of a statute or valid ordinance, constitute negligence per se.

2. The opinion of a witness is not admissible in evidence when all the facts and circumstances are capable of being clearly detailed and described so that the jurors may be able readily to form correct conclusions therefrom.

Submitted November 21, — Decided December 12, 1901.

Action for damages.    Before Judge Hart.    Baldwin superior court.    April 1, 1901.

*Allen & Pottle,* for plaintiff in error.
*Roberts & Hines,* contra.

FISH, J. This was an action against a municipal corporation, brought by the plaintiff to recover damages alleged to have been sustained by him in consequence of physical injuries received by his minor son, alleged to have been due to the defective and unsafe condition of a portion of one of the streets of the city.    There was a verdict for the plaintiff, and the defendant excepted to the overruling of its motion for a new trial.

1. One of the grounds of the motion is that the court erred in charging the jury as follows : " It is the allegation of the plaintiff in this case that the city failed to do its duty to the public by keeping its streets in a reasonably safe condition.    He says, upon the contrary, there were gullies and a washout in the streets, and in consequence of that gully his son was thrown into it by reason of his horse taking fright at the approaching engine, and, had it not been for this defect in the street, that his son would not have been injured, and that this defect in the street was the proximate cause of the injury.    I charge you, if you find that to be the truth of the case, that the plaintiff would be entitled to recover, unless in the exercise of ordinary care he could have avoided the injury."    An-

other ground is that the court erred in charging : " Applying, therefore, the rules of law which I have given you in charge to the evidence in the case, if you believe from the evidence in the case that this street was not kept in a reasonably safe condition, that the municipality knew that or ought to have known that, then the plaintiff would be entitled to recover, and entitled to recover whatever damages the father has sustained by reason of the loss of services of his son, together with whatever money he had to expend in the care and treatment of his son, and you would say : ' We, the jury, find in favor of the plaintiff ' so many dollars.   On the other hand, if you find from the evidence in the case that the street was kept in a reasonably safe condition ; or if you find from the evidence that the plaintiff, Wood, in the exercise of ordinary care could have avoided the consequences of defendant's negligence, in that view of the case you would say :   ' We, the jury, find for the defendant.' "
It is well-settled law in this State that, as a general rule, negligence is a question solely for the jury, and that the court, therefore, can not instruct the jury what fact or facts, if proved, will constitute negligence.   *Wright* v. *Georgia Railroad & Banking Co.*, 34 *Ga.* 330 ; *East Tenn., Va. & Ga. Ry. Co.* v. *Kane*, 92 *Ga.* 187 ; *City of Columbus* v. *Ogletree*, 96 *Ga.* 177 ; *Brunswick & Western R. Co.* v. *Gibson*, 97 *Ga.* 489 ; *Atlanta, Knoxville & Northern Ry. Co.* v. *Bryant*, 110 *Ga.* 247 ; *Georgia Railroad & Banking Co.* v. *Clary*, 103 *Ga.* 639.   It is only where the law expressly requires, or forbids, an act to be done, or declares its performance or non-performance to be negligence, that the court has the right to tell the jury what constitutes negligence.   It will be seen that, in each of the quoted and excepted-to portions of the charge, the court, in effect, instructed the jury that, if they believed from the evidence a given state of facts to be true, such facts would constitute negligence on the part of the defendant.   As the plaintiff could not recover without showing negligence on the part of the defendant, to unqualifiedly charge the jury that if they believed a given state of facts to be established by the evidence, the plaintiff was entitled to recover, was equivalent to charging them that such facts were sufficient to show that the defendant was negligent.   This seems perfectly plain.   But if authority were needed, it would be found in *West End & Atlanta Street Railway Co.* v. *Mozely*, 79 *Ga.* 463, where it was held : " Where suit was brought against a street-rail-

way company to recover for an injury alleged to have been received by a passenger in leaving a car, it was error to charge the jury that 'if the plaintiff rang the bell, as a signal to the driver to stop, and the car stopped, and the plaintiff, without fault on his part, was in the act of alighting, and before he had completely left the car — as by having one foot upon the ground and one still on the step, — the car suddenly started forward at the will of the driver, and the plaintiff was, by reason of the start or jerk, thrown to the ground and injured, the defendant would be liable.' Such charge was equivalent to instructing the jury that the facts recited would show the defendant to be negligent. Whether or not the defendant was negligent was a question for the jury."

2. Complaint is made in the motion for a new trial that the court erred in sustaining objections made by the plaintiff to the following questions propounded by defendant's counsel to a witness for the plaintiff, named Edwards: "Was not that street broad enough and wide enough at that point and on out for all reasonable purposes?" "I will ask your opinion as to whether or not that place was dangerous?" There was no error in excluding either of these questions. Each sought an expression of opinion from the witness. As a general rule, a witness should be confined to a statement of facts, his opinions being irrelevant and inadmissible. To this rule there are important exceptions. It is the peculiar province of the jury to draw deductions and form conclusions from the facts shown by the evidence, and it is only from the necessity of the case that a witness is allowed to give his opinion to aid the jury in arriving at a correct conclusion upon the facts before them. Thus, experts on questions relating to a particular art or science, or which come under the observation and experience of persons engaged in a particular profession, trade, or occupation, who, from their superior facilities and experience, are better qualified than ordinary jurors to form correct conclusions thereon, are permitted to give their opinions to the jury, based upon given facts which they have testified to themselves, have heard others testify to in the case, or which have been hypothetically stated to them. And, in this State at least, where the subject under investigation is a proper one to be illustrated by the opinion of an expert, one who is not an expert may give his opinion thereon, provided he testifies to the facts upon which such opinion is based. *Augusta & Summerville*

*R. Co.* v. *Dorsey*, 68 *Ga.* 228; *Central Railroad* v. *Coggin*, 73 *Ga.*
689. So, "The opinions of ordinary witnesses derived from obser-
vation are admissible in evidence, when, from the nature of the
subject under investigation, no better evidence can be obtained, or
the facts can not otherwise be presented to the tribunal, e. g., ques-
tions relating to time, number, dimensions, height, speed, distance,
or the like." Lawson's Exp. & Op. Ev. 505, Rule 63. This lat-
ter exception to the general rule was well expressed by Peck, J.,
in Cavendish *v.* Troy, 41 Vt. 107, in the following language:
"Where the witness has had the means of personal observation,
and the facts and circumstances which lead the mind of the wit-
ness to a conclusion are incapable of being detailed and described
so as to enable any one but the observer himself to form an intel-
ligent conclusion from them, the witness is often allowed to add
his opinion or the conclusion of his own mind. Such is the case
in questions of identity of persons and things,—handwriting, the
value of property, questions of insanity, time, distance, etc., and
various other instances that might be referred to." But, as was
said by Royce, J., in Clifford *v.* Richardson, 18 Vt. 626, "When all
the pertinent facts can be sufficiently detailed and described, and
when the triers are supposed to be able to form correct conclusions
without the aid of opinion or judgment from others, no exception
to the rule is allowed." With these principles in mind, we fail to
see any necessity whatever that this witness should give to the jury
his opinion upon the question whether or not the street, at the
point where the accident occurred, was wide enough for all reason-
able purposes, or upon the question whether or not the place was
dangerous. We do not think that either of these questions pre-
sented a proper subject for opinion evidence. The witness de-
scribed the gully, or washout, and its location, testified that it was
wide enough for two wagons to be set in it, side by side; that he
"saw the wagon in there the next morning after the accident," and
that "on the side next to the trestle" of the dummy railroad "it
was in as deep as the wheel;" that he did not see the horse in
there, "but saw where he had floundered about trying to get out;"
that there were "no rails or other barriers to protect travelers;"
that on the other side of the street there was a ditch to conduct
the water off; that the street, at that point, was between twenty
and twenty-four feet wide; and testified to the amount of the travel

thereon.   With these facts before them, it seems to us that the jurors, presumably men of common sense and, at least, ordinary powers of observation, did not need the aid of the witness's opinion to enable them to determine whether or not the street at this point was wide enough for all reasonable purposes, or whether or not this was, relatively to persons traveling upon the highway in a wagon, or other vehicle of a similar character, a dangerous place.   See *Georgia Railroad Co.* v. *Hicks*, 95 *Ga.* 302 (4).

Besides, the issue which the jury was called upon to try was a mixed question of law and fact.   One of the most important and controlling issues in the case was, whether or not the defendant was negligent.   The witness had testified that this gully, or wash-out, had been there for eight or ten years; and to have allowed him to give to the jury his opinion upon the two questions which were excluded by the court would have been, in effect, to permit him to give his opinion upon the very question which the jury were to determine.   Suppose, for instance, the witness, after having testified that the gully, or washout, had been there for eight or ten years, should have stated that the place was dangerous, or that the street there was not wide enough for all reasonable purposes, would he not, in effect, have given an opinion that the defendant was negligent? On the other hand, if he had testified that the place was not dangerous, or the street, at that point, was wide enough for all reasonable purposes, would not this have been equivalent to an opinion that the defendant was not negligent ?   We have seen that, in this State, negligence is a question exclusively for the jury, and that the law so carefully guards the province of the jury in this respect that even the court can not, either directly or indirectly, tell the jury what facts will or will not constitute negligence.   In *Central Railroad & Banking Co.* v. *Ryles*, 84 *Ga.* 420, where the plaintiff's injuries were alleged to have been the result of the defendant's negligence, it was held, that the testimony of the fireman, who was upon the locomotive attached to the train, that the backing of the train "was very carefully done," was properly excluded, as this was matter for the judgment of the jury, and not for that of the witness; and that the same was true "as to the exclusion of the testimony of the same witness to this effect that 'There was nothing done by any of the employees carelessly or negligently, that would produce the injury to the plaintiff.'"   Again, in *Mayfield* v. *Savan-*

*nah, Griffin & North Alabama Railroad Co.*, 87 *Ga.* 374, where the plaintiff sued the railroad company for damages for a personal injury, alleged to have been sustained by him as an employee of the company, in attempting to couple the engine to a car, it was held: "That the plaintiff acted cautiously is a conclusion, not a mere fact, and he is not competent to testify in general terms that he so acted." Justice Simmons in the opinion (p. 378) said: "There was no error in ruling out plaintiff's answer that he got on the pilot very cautiously. A witness may state facts, but not his own conclusion from those facts. This was a conclusion of the witness, and was the very question which the jury was to decide, whether he got upon the pilot cautiously or carelessly. It was the same as if he had said that he was not negligent in getting upon the pilot." So, in *Printup* v. *Patton*, 91 *Ga.* 422, which was an action for damages arising from the drowning of a horse, in consequence of the alleged negligent management of a ferry-boat, it was held that the opinion of a witness that the ferryman was not as careful as he should have been was inadmissible.

*Judgment reversed. All the Justices concurring.*