## Roberts, administrator, *v.* Moore.

Atkinson, J. 1. In an action for the recovery of land, it was not error to permit a witness to testify to the effect that two persons, under whom the plaintiff and the defendant respectively claimed, bought a certain lot of land, one half of which was the subject of the action, and that each of such persons paid for his respective half of the lot which they divided between them, one taking the east half and the other the west,—over the objection that the transaction about which the witness testified was one involving the sale of land or an interest therein, and was therefore required to be in writing, and that the writing would be the highest evidence; it also appearing that each purchaser took possession of the land respectively assigned to him in the parol division.

2. In such an action it was not harmful error to permit a witness to testify to whom a deed was made, where the deed itself was put in evidence and showed that it was made to the person to whom the witness testified it was executed.

3. In an action to which the grantor in a deed is not a party, parol evidence was not admissible to show that the instrument, while purporting to convey an entire lot of land, was intended by the parties thereto to convey only the west half of the lot, and that by mistake of the scrivener the entire lot was inserted. This is true although the defendant in the action set up such mistake in his plea, and asked that the deed be accordingly reformed. The grantor not being a party to the action, such plea was not good in law. *Wyche* v. *Green*, 32 *Ga.* 341; *Brown* v. *Brown*, 97 *Ga.* 531 (25 S. E. 353, 33 L. R. A. 816); *Hamilton* v. *Cargile*, 127 *Ga.* 762 (56 S. E. 1022); *Halliday* v. *Bank of Stewart County*, 128 *Ga.* 639 (58 S. E. 169); 34 Cyc. 967; 18 Enc. P. & P. 795.

(*a*) The grantor named in the deed which was sought to be reformed not being a party to the suit, it was error to charge on the law of mutual mistake and reformation of deeds.

4. The bare statement of a witness that he used no fraud or deception to induce the grantors to sign a designated deed was not admissible in evidence, as it amounted to a mere conclusion of the witness. The facts and circumstances attending the signing should have been stated, so that the jury could reach their own conclusion as to whether or not any fraud or deception was used by the witness to induce the grantors to sign the instrument. See, in this connection, *Mayor &c. of Milledgeville* v. *Wood*, 114 *Ga.* 370 (40 S. E. 239).

5. This being an action of complaint for land, where the plaintiff alleged that the defendant was in possession of the land in dispute, and the defendant filed his plea setting up title by prescription by adverse possession under color of title, the judge did not express an unauthorized opinion as to the facts of the case, when, in beginning his instructions to the jury, he stated that the case was brought by the plaintiff against the defendant "in the possession of the east half;" nor, while setting forth the contentions of the defendant, in stating that "the defendant sets up a title by prescription and color of title."

6. There was not sufficient evidence of possession by defendant, or those

under whom he claimed, to authorize a charge on the subject of pre-
scription.

7. An assignment of error that the whole charge was argumentative was
without merit.

    *Judgment reversed. Beck, J., absent. The other Justices concur.*
               SEPTEMBER 22, 1911.

Complaint for land. Before Judge Park. Baker superior court.
March 21, 1910.

  *W. I. Geer*, for plaintiff. *Rich & Nelson*, for defendant.

