## W. T. RAWLEIGH COMPANY *v.* FORBES.

No. 15890. JULY 10, 1947.

*W. T. Revell,* for plaintiff.

*W. E. Heath* and *M. C. Barwick,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) ▇ The question here presented emanates from the amendment to the Code, § 6-806, which was one of many changes made in our law of appellate procedure by the act of 1946 (Ga. L. 1946, p. 726). This being the first instance wherein any provision covered by this act has been before this court for interpretation, it might be well to summarize its historical background.

The General Assembly adopted an act, approved February 16, 1945 (Ga. L. 1945, p. 145), entitled: "An act to provide for the making of Procedure and Practice in the Courts of this State simpler and more expeditious, and to make litigation less expensive and cumbersome," which act, among other things, provided that this court appoint a committee from the bar of this State to aid in the preparation of rules. Pursuant to the act, this court appointed a committee of distinguished members of the bar of this State, including at least one from each of the 33 judicial circuits.

The work on various subjects was delegated to subcommittees, which in turn was submitted to a committee to consolidate the recommendations. After the report of this latter committee was approved by the whole committee, certain reports were submitted to this court, one providing for changes in the appellate procedure, and another for changes in rules of procedure, pleading, and practice as to civil actions in the trial courts. Members of this court spent months, in conjunction with members of this committee, in revising, altering, and modifying various provisions of the reports as originally presented, and after so doing accepted and approved the same. As a result thereof, and pursuant to the act of 1945 (Ga. L. 1945, p. 145), we submitted to the General Assembly these reports of the acceptance and adoption of rules of practice, which were adopted by resolution. For the one relating to appellate practice, see Ga. L. 1946, p. 726, and for the one relating to trial practice, see Ga. L. 1946, p. 761.

Also bearing on the question here presented, consideration must be given to the fact that by the same act which amended the Code, § 6-806, as shown above in the statement of facts, the Code, § 6-808 was expressly repealed. This section provided: "It shall be the duty of the judge, to whom any bill of exceptions shall be presented, to see that the certificate is in legal form before signing the same; and no failure of any judge to discharge his duty in this respect shall prejudice the rights of the parties by dismissal or otherwise."

There are but few provisions of our Code which have troubled the appellate courts of this State more than the law in respect to the certificate of the trial judge to a bill of exceptions. It is hard to understand why the lawyers and trial judges do not conform to the better practice of seeing that the bill of exceptions recites all of the essential facts and specifies all of the record material to a clear understanding of the errors complained of, before the trial judge signs the certificate which the Code provides. Cases in which this has not been done, and in which the trial judge, rather than requiring the lawyer to perfect the bill of exceptions before attaching his certificate, has altered the bill of exceptions through the medium of his certificate, have been the subject of many decisions of the appellate courts of this State, and many litigants have lost the right of review thereby. It would be an unnecessary prolonga-

tion of this opinion to attempt an analysis of the decisions of our courts on the question of the certificate of the trial judge where it contains more or less than the one provided by statute. It is difficult to reconcile some of these decisions, but suffice it to say that the criterion sought to be applied in construing the certificate has been the sole question of whether the certificate asserted the truth of the contents of the bill of exceptions, or whether it negatived the truth of any of its contents. If the trial judge did not follow the statutory form, and the language of his certificate was construed as meaning that the recitals contained in the bill of exceptions were true, there has been no dismissal; yet, on the other hand, if the language used was not a clear and unqualified approval of the truth of the assertions, the writ of error has been dismissed. It was often a close question to determine from the phraseology of the judge's certificate whether by his interpolation it was an implied disapproval of some part of the contents of the bill of exceptions, or merely a modification or qualification of some assertion, or explanation of the meaning of some statement, or an additional statement of essential facts.

The amendment to the Code, § 6-806, the meaning of which is now under review, was inserted in the act changing certain rules of appellate procedure, for the purpose of clarifying the meaning of the judge's certificate where it varied from the one supplied by statute. And we construe this amendment to mean that, where the judge's certificate does so deviate, its language cannot, *merely by implication,* be construed as being a denial of the truth of any part of the contents of the bill of exceptions; but the language of the certificate shall be construed as a verification of the contents of the bill unless it *affirmatively appears* to be a denial of the truth of some part thereof.

■ Applying the foregoing ruling to the certificate of the trial judge in the instant case, we find: (a) As to note number 1 of the certificate, the bill of exceptions shows that this change was actually made in the bill of exceptions by interlineation, and accordingly this portion of the certificate is mere surplusage. See *Pusey & Co.* v. *Sweat,* 92 *Ga.* 809 (2) (19 S. E. 816). (b) By reference to the record, notes 2, 3, and 4, of the certificate were in response to, and in substantial compliance with, a written request of counsel for the defendant in error after notice to them in

accordance with a new provision for giving notice to the defendants in error before certifying the bill of exceptions. See Ga. L. 1946, p. 735. Nowhere in either of the notes contained in the certificate is anything said that would · affirmatively appear to be a denial of the truth of any part of the bill of exceptions, according to the ruling made in the first ·division of this opinion.

Accordingly, the writ of error is valid and should not be dismissed.

■ There being an equal ˏdivision of the Judges of the Court of Appeals as to whether the writ of error in the instant case was valid, and it being essential that it be a valid writ of error to authorize them to assume jurisdiction and entertain jurisdiction,— in view of the ruling here made that the writ of error is valid, and the case not being one of which this court has jurisdiction under the Code, § 2-3704, the same is transferred to the Court of Appeals. ·

*All the ·Justices concur, except Duckworth, P. J., and Bell, J., who dissent from the ruling in division 3 of the opinion.*