CRUMLEY *v.* HALL *et al.*

No. 15884.   July 10, 1947.   Rehearing denied July 22, 1947.

*William A. Thomas,* for plaintiff in error.   *M. Herzberg,* contra.

ATKINSON, Justice.   (After stating the foregoing facts.) ■
There is a motion to dismiss the writ of error on the grounds, (a)
that the certificate of the judge does not unqualifiedly certify that
the recitals of fact therein are true, and (b) that it does not specifi-
cally state that the overruling of the general demurrer was a "final
termination of the cause."

The bill of exceptions states:   "Be it remembered that on the
3d day of December, 1946, in Fulton Superior Court, State of
Georgia, Dora Hall, Lula George, and Curtis George filed a bill in
equity as shown by record in this case against George H. Crumley,
defendant, alleging   .   .   ," and then attempts to summarize the
allegations of the petition.   The trial judge, in his certificate,
after certifying that the bill of exceptions was true, in substantially
the language of the Code, § 6-806, as amended by the new rules
of procedure (Ga. L. 1946, pp. 726, 732), then added the following:
"While the allegations in this bill of exceptions do not accurately
state the contents of the petition and amendments thereto, such
pleadings will speak for themselves.   .   .   This paragraph of the
certificate is added upon motion of counsel for defendant in error." ·

(a)   If this part of the judge's certificate be construed as mean-
ing that any portion of the bill of exceptions is untrue, the certificate
is not a lawful one and the writ of error must be dismissed.   *Love*
v. *Love,* 146 *Ga.* 160 (91 S. E. 27) ; *Cady* v. *Cady,* 161 *Ga.* 556
(131 S. E. 282) ; *Jones* v. *Pierce,* 66 *Ga. App.* 254 (17 S. E. 2d,
838), and citations.   It has also been held, "Where, in under-
taking to verify a bill of exceptions, the judge in his certificate
states that he does 'not certify to arguments and conclusions' therein
contained, and upon an examination of the bill of exceptions it is
impossible to determine what portions thereof the judge intended
to characterize as 'arguments and conclusions' rather than recitals
of fact, the writ of error must be dismissed."   *Taylor Bros.* v.

*Howard,* 112 *Ga.* 347 (37 S. E. 392). But, in construing the language of the trial judge contained in the certificate in the instant case, it cannot be said that it is covered by either of the above rulings.

The bill of exceptions definitely and specifically identified the petition in equity filed in the instant case. It then sought to summarize its contents, which was not necessary. The certificate of the trial judge does not state that any part thereof is untrue, nor does he decline to certify the correctness of any statement contained therein; but he merely says that it does "not accurately state the contents of the petition and amendments thereto." This could well be interpreted to mean that the summary of the petition omits various allegations, rather than misstates them, and this view is strengthened by the balance of the sentence, "such pleadings will speak for themselves." So, in view of the provisions of the Code, § 6-806, as amended by Ga. L. 1946, pp. 726, 732, it cannot be said that the judge's certificate affirmatively shows an intention to modify the truthfulness of the recitals therein. See *W. T. Rawleigh Co.* v. *Forbes,* 202 *Ga.* 425 (43 S. E. 2d, 642).

(b) The second ground of the motion to dismiss is also without merit. Where a defendant files a general demurrer to a petition, a judgment overruling the demurrer is a final determination of the case as to him, and under the Code, § 6-701, such judgment would be a disposition of the case that would authorize him to assign error thereon in a direct bill of exceptions. *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505), and citations. In such case, it would not be necessary to assert that the overruling of the demurrer was a "final termination of the cause."

■ The sole and controlling question, in the case presented, is whether a husband who murders his wife can inherit from her estate. Upon first impression it is the natural human and judicial impulse to say that he cannot, but legal rights are not so determined; and when this initial effect upon our senses has subsided and a dispassionate analysis of the law is made, we find no legal barrier to his right to so inherit.

Under the Code, § 113-902, where a wife dies without issue, the husband is her sole heir. Neither under this section nor under any other sections of our Code in connection with the laws of descent and distribution, is there any inhibition against inherit-

ance by reason of an act of an heir causing the death of the one from whom he is entitled to inherit. Should he be tried and convicted, and a forfeiture of his right to inherit be predicated upon that conviction, such instance would be met by the provision of our Constitution, article 1, section 2, paragraph 3 (Code, § 2-203), that "no conviction shall work corruption of blood, or forfeiture of estate." While no such constitutional question is here involved, and nothing is said herein to indicate that the legislative power could not make a provision denying the right of inheritance to an heir where his felonious act causes the death of the party from whom he would ordinarily inherit, yet reference thereto is made to illustrate the policy of our law that, once the title to the property became vested in him, it could not be divested by reason of conviction of any crime. As further showing the policy of our law on this subject, the Code, § 85-1109, provides: "Forfeiture to the State for crime is abolished, but the State shall hold a lien upon all the property of an offender for the costs of the prosecution against him."

Our law is clear and plain that, where a wife dies without issue. the husband is the sole heir. It is not limited or restricted by any condition or circumstance. The power to provide rules of descent and distribution is in the General Assembly, and where they have provided a rule which is clear and unconditional, a court is not justified in reading into the law a condition or exception not reasonably deducible from the provisions of the statute. The law being clear and explicit, the evil, if any, can be corrected only by the General Assembly, and not by judicial action.

The above ruling is supported by the weight of authority from most jurisdictions, though some have taken a contrary view upon substantially the same statute, by reading into it an intention to deny the right of inheritance by reason of the intentional felonious act. Others so holding predicate their view on the theory that the statute did not supersede the civil and common law, which prevented the right to inherit under these conditions. Other courts holding to the contrary base their decisions upon express provisions of the statute barring the right of one to inherit. Still others have put their rulings upon the basis of public policy, but the uniform answer to such a view has been that there can be no public policy which contravenes the positive language of the statute.

While the ruling here made is in accordance with that of most jurisdictions, yet it is not the first time the courts of this State have passed upon this question. The identical ruling was made in *Hagan* v. *Cone,* 21 *Ga. App.* 416 (94 S. E. 602), in an opinion citing and quoting many decisions from other States. See also 16 Am. Jur. 846; 18 C. J. 858; 51 A. L. R. 1096; L. R. A. 1915 C, 328.

Accordingly, the husband having survived the deceased wife, her mother, sister, and brother did not inherit any part of her estate and had no interest therein; and therefore the court erred in overruling a general demurrer to their petition.

*Judgment reversed. All the Justices concur.*