## WILLIAMS v. WILLIAMS.

BELL, Justice. Mrs. Beulah Sanders Williams filed her petition for divorce, temporary and permanent alimony, and attorneys' fees, in the Superior Court of Spalding County, against her husband James T. Williams, who filed an answer and cross-action. By agreement of the parties, the case was tried before the judge without a jury, and he rendered a judgment awarding a divorce to both the parties, and permanent alimony to the wife, on June 23, 1947. On the same date, the defendant filed a motion for a new trial, which was amended on July 12, 1947, and was set for hearing on September 27, 1947, when the judge overruled the motion as amended and refused a new trial. The defendant excepted. *Held:*

1. "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." Code, § 6-701.

2. "Under the terms of the new law governing divorce and alimony [Ga. L. 1946, p. 90], neither a judgment nor a verdict and judgment granting the same becomes 'final' within a period of thirty days after its rendition; and one wishing to attack such a tentative or provisional judgment or verdict and judgment must resort to the method provided by the statute for the benefit of 'any person at interest,' and can not, pending the expiration of such period, treat the judgment held in abeyance as already final, and bring exceptions to this court either directly or by a motion for new trial with exceptions to the judgment overruling the same." *Dugas* v. *Dugas,* 201 *Ga.* 190 (2) (39 S. E. 2d, 658). To the same effect, see *Gilbert* v. *Gilbert,* 202 *Ga.* 752 (44 S. E. 2d, 485).

3. While no motion has been made to dismiss the present writ of error, it is the duty of this court, with or without motion of a party, to consider the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction. *Brockett* v. *Maxwell,* 200 *Ga.* 213 (1) (36 S. E. 2d, 638).

4. Applying the rulings in the *Dugas* and *Gilbert* cases, supra, in connection with the Code, § 6-701, supra, the writ of error in the instant case must be dismissed for the want of jurisdiction in this court to entertain it. See, in this connection, *Luke* v. *Ellis,* 201 *Ga.* 482 (40 S. E. 2d, 85).

*Writ of error dismissed. All the Justices concur, except Duckworth, P. J., absent on account of illness; Atkinson, J., who dissents for the reasons stated in his dissent in Dugas* v. *Dugas, 201 Ga. 190, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16035. JANUARY 9, 1948.

*Goddard & Flynt,* for plaintiff in error.
*Culpepper & Culpepper,* contra.