BEASLEY, by next friend, *v.* GEORGIA POWER COMPANY.

No. 17176.   JULY 12, 1950.

*Kenneth L. Leake* and *S. Gus Jones*, for plaintiff.
*Miller, Miller & Miller*, for defendant.

HEAD, Justice.   Prior to the act of 1946 (Ga. L. 1946, p. 726), amending the rules of practice and procedure for appeal or review in the appellate courts, the rules in regard to the certificate of the trial judge to a bill of exceptions were found in the Code §§ 6-806, 6-807, 6-808, as follows:   "The form of the certificate of the judge to the bill of exceptions shall be as

follows: 'I do certify that the foregoing bill of exceptions is true, and contains (or specifies, as the case may be) all the evidence, and specifies all of the record, material to a clear understanding of the errors complained of; and the clerk of the _____ _____ court of _____ is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the Supreme Court (or the Court of Appeals, as the case may be), that the errors alleged to have been committed may be considered and corrected.'" (§ 6-806). "The certificate of the judge to the bill of exceptions shall be the writ of error." (§ 6-807). "It shall be the duty of the judge, to whom any bill of exceptions shall be presented, to see that the certificate is in legal form before signing the same; and no failure of any judge to discharge his duty in this respect shall prejudice the rights of the parties by dismissal or otherwise." (§ 6-808).

Under these rules, this court consistently held that, where the judge omitted to certify that the bill of exceptions was true, the appellate court had no jurisdiction, and the bill of exceptions must be dismissed. *Cade* v. *DuBose,* 125 *Ga.* 832 (54 S. E. 697) ; *Cady* v. *Cady,* 161 *Ga.* 556 (131 S. E. 282) ; *Bell* v. *Stephens,* 172 *Ga.* 610 (158 S. E. 327) ; *Calhoun* v. *Southern States Naval Stores Co.,* 185 *Ga.* 153 (194 S. E. 191); *Blackley* v. *Bell,* 187 *Ga.* 702 (1 S. E. 2d, 676) ; *Etheridge* v. *Henderson,* 188 *Ga.* 189 (3 S. E. 2d, 674) ; *MacNeill* v. *Maddox,* 194 *Ga.* 802 (22 S. E. 2d, 653) ; *Edge* v. *State,* 199 *Ga.* 431 (34 S. E. 2d, 498). In some of these cases the bill of exceptions was dismissed on motion of counsel for the defendant in error, and in others the court, on its own motion, dismissed the bill of exceptions, on a determination of its jurisdiction.

The act of 1946 (Ga. L. 1946, pp. 726, 732-734) repealed the Code, § 6-808, and amended § 6-806, so that § 6-806 as amended is now as follows: "The form of the certificate of the judge to the bill of exceptions shall be as follows: 'I do certify that the foregoing bill of exceptions is true, and contains (or specifies, as the case may be) all the evidence, and specifies all of the record, material to a clear understanding of the errors complained of; and the clerk of the _____ court of _____

is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the Supreme Court (or the Court of Appeals, as the case may be), that the errors alleged to have been committed may be considered and corrected.' It shall be the duty of the judge, to whom any bill of exceptions shall be presented, to see that the certificate is in legal form before signing the same. Whenever a judge shall attach his signature to a certificate where the language of the certificate is such as to indicate the intention of the judge to verify the truthfulness of the recitals therein contained, his signature shall be construed as a verification of the bill of exceptions and the contents thereof unless by note thereto or modification thereof over his signature the contrary affirmatively appears."

The form of the certificate to be signed by the judge to the bill of exceptions is not changed by this amendment. While there is language in the latter part of the section which indicates that the judge's certificate may vary from the form prescribed, the judge is still required to verify the truthfulness of the recitals in the bill of exceptions in order that the appellate court may have jurisdiction. The new provision of the rule, that the judge's signature "shall be construed as a verification of the bill of exceptions and the contents thereof unless by note thereto or modification thereof over his signature the contrary affirmatively appears," applies only "where the language of the certificate is such as to indicate the intention of the judge to verify the truthfulness of the recitals" contained in the bill of exceptions. The mere absence of any note to the contrary could not indicate the intention of the judge to verify the truthfulness of the recitals in the bill of exceptions, where no verification is made. The certification that the bill of exceptions specifies all of the record material to a clear understanding of the errors complained of does not amount to a certification of the bill of exceptions as true.

Counsel for the plaintiff in error, in reply to the motion to dismiss the bill of exceptions cite *W. T. Rawleigh Co.* v. *Forbes*, 202 *Ga.* 425, 429 (43 S. E. 2d, 642), and quote a paragraph of the opinion in that case as follows: "The amendment to the

Code, § 6-806, the meaning of which is now under review, was inserted in the act changing certain rules of appellate procedure, for the purpose of clarifying the meaning of the judge's certificate where it varied from the one supplied by statute. And we construe this amendment to mean that, where the judge's certificate does so deviate, its language cannot, *merely by implication*, be construed as being a denial of the truth of any part of the contents of the bill of exceptions; but the language of the certificate shall be construed as a verification of the contents of the bill unless it *affirmatively appears* to be a denial of the truth of some part thereof." Counsel also cite *Crumley* v. *Hall*, 202 *Ga.* 588 (43 S. E. 2d, 646).

In each of the cases cited by counsel for the plaintiff in error, the judge certified that the bill of exceptions "is true," and this court was ruling on an additional statement made by the judge after the regular form of the certificate. Considering the language in the *Rawleigh Company* case in connection with the certificate which the court was construing in that case, it could not be authority for a ruling that a certificate with no verification as to the truthfulness of the contents of the bill of exceptions will be held to be a proper certificate because it contains no language which affirmatively denies the truth of any part of it.

The first question presented by the Court of Appeals is answered in the affirmative; the second question, in the negative; and the third question, in the negative.

*All the Justices concur.*