33957, 33971. FIRST NATIONAL BANK, COMMERCE, GEORGIA, *v.* BROWN *et al.*

DECIDED FEBRUARY 26, 1952.

*Quillian, Quillian & Thomas*, for plaintiff.

*E. C. Stark, J. M. Rainey*, for defendants.

TOWNSEND, J. (After stating the foregoing facts.) In *Beasley v. Georgia Power Co.*, 207 *Ga.* 188, 189 (60 S. E. 2d, 363), it is held: "Prior to the act of 1946 (Ga. L. 1946, p. 726), amending the rules of practice and procedure for appeal or review in the appellate courts, the rules in regard to the certificate of the trial judge to a bill of exceptions were found in the Code §§ 6-806, 6-807, 6-808, as follows: 'The form of the certificate of the judge to the bill of exceptions shall be as follows: "I do certify that the foregoing bill of exceptions is true, and contains (or specifies, as the case may be) all the evidence, and specifies all of the record, material to a clear understanding of the errors complained of; and the clerk of the _____ court of _____ is hereby ordered to make out a complete copy of such parts of the record

in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the Supreme Court (or the Court of Appeals, as the case may be) that the errors alleged to have been committed may be considered and corrected." ' . . Under these rules, this court consistently held that, where the judge omitted to certify that the bill of exceptions was true, the appellate court had no jurisdiction, and the bill of exceptions must be dismissed. *Cade* v. *DuBose*, 125 *Ga.* 832 (54 S. E. 697); *Cady* v. *Cady*, 161 *Ga.* 556 (131 S. E. 282); *Bell* v. *Stephens*, 172 *Ga.* 610 (158 S. E. 327); *Calhoun* v. *Southern States Naval Stores Co.*, 185 *Ga.* 153 (194 S. E. 191); *Blackley* v. *Bell*, 187 *Ga.* 702 (1 S. E. 2d, 676); *Etheridge* v. *Henderson*, 188 *Ga.* 189 (3 S. E. 2d, 674); *MacNeill* v. *Maddox*, 194 *Ga.* 802 (22 S. E. 2d, 653); *Edge* v. *State*, 199 *Ga.* 431 (34 S. E. 2d, 498). In some of these cases the bill of exceptions was dismissed on motion of counsel for the defendant in error, and in others the court, on its own motion, dismissed the bill of exceptions, on a determination of its jurisdiction.

"The act of 1946 (Ga. L. 1946, pp. 726, 732-734) repealed the Code § 6-808, and amended § 6-806, so that § 6-806 as amended is now as follows: 'The form of the certificate of the judge to the bill of exceptions shall be as follows: "I do certify that the foregoing bill of exceptions is true, and contains (or specifies, as the case may be) all the evidence, and specifies all of the record, material to a clear understanding of the errors complained of; and the clerk of the _____ court of _____ is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the Supreme Court (or the Court of Appeals, as the case may be), that the errors alleged to have been committed may be considered and corrected." It shall be the duty of the judge to whom any bill of exceptions shall be presented to see that the certificate is in legal form before signing the same. Whenever a judge shall attach his signature to a certificate where the language of the certificate is such as to indicate the intention of the judge to verify the truthfulness of the recitals therein contained, his signature shall be construed as ,a verification of the bill of exceptions and the contents thereof unless by note thereto or

modification thereof over his signature the contrary affirmatively appears.'

"The form of the certificate to be signed by the judge to the bill of exceptions is not changed by this amendment."

The certificate of the trial judge to the bill of exceptions here is as follows: "I do certify that the foregoing bill of exceptions and specifies all the evidence and specifies all of the record material to a clear understanding of the errors complained of; and the Clerk of the Madison County, Georgia, Superior Court is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such, and cause the same to be transmitted to the Court of Appeals that the errors alleged to have been committed may be considered and corrected. I further certify that counsel for the defendants in error, McCannon and Brown and Mrs. Willie Brown and defendant in error, Mrs. R. L. McCannon for herself, in writing waived the privilege provided under Code Section 6-908.1 and agreed that the allegations of facts in the foregoing bill of exceptions are true."

Counsel for the plaintiff in error concede that the trial judge did not certify that the bill of exceptions is "true." They do insist, however, that the last clause of his certificate brings it within the amendment of 1946, as follows: "Whenever a judge shall attach his signature to a certificate where the language of the certificate is such as to indicate the intention of the judge to verify the truthfulness of the recitals therein contained, his signature shall be construed as a verification of the bill of exceptions and the contents thereof unless by note thereto or modification thereof over his signature the contrary affirmatively appears." *Beasley* v. *Georgia Power Co.*, supra.

The trial judge here only certified that the defendants in error, in compliance with Code (Ann. Supp.) § 6-908.1, agreed that the allegations of fact in the bill of exceptions are true. The sole purpose of this Code section is to give the opposite party an opportunity to be heard before the judge signs the bill of exceptions. The last sentence of this section provides for a waiver of the opportunity to be heard by either of two methods, as follows: "If an attorney of record for a defendant in error, or such party, in writing waives this privilege, *or* in writing ap-

proves the bill of exceptions as correct and complete as to the averments of fact therein this requirement shall be deemed waived. *Such waiver shall be attached to the bill of exceptions as an exhibit thereto.*" (Italics ours). There is no agreement that the recitals contained in the bill of exceptions are "true," or that they are "correct and complete," "attached to the bill of exceptions as an exhibit thereto," nor does it appear that such agreement is in writing. Nevertheless, had such complete compliance with the provisions of Code (Ann. Supp.) § 6-908.1 been perfected, and had the trial judge so certified, he must still certify that the bill of exceptions is "true," or he must attach his signature to a certificate containing language which indicates that he does *himself* find it to be true. Compliance with Code (Ann. Supp.) § 6-908.1 and a certificate of the court to that effect do not satisfy the provision of Code (Ann. Supp.) § 6-806, which must be complied with in order to confer jurisdiction on this court. Accordingly, the bills of exceptions must be

   *Dismissed. MacIntyre, P. J., and Gardner, J., concur.*