## 34169.   Aiken *v.* Logan.

Sutton, C. J.   The certificate of the trial judge to the bill of exceptions in the present case is as follows: "I do hereby certify that the foregoing bill of exceptions specifies all the evidence and all the record material to a clear understanding of the errors complained of; and the Clerk of the City Court of Decatur·is hereby ordered to make out a complete copy of such parts of the record in the case as are in this bill of exceptions specified, and to certify the same as such, and to cause the same to be transmitted to the Court of Appeals of Georgia, so that the errors alleged to have been committed may be considered and corrected.   This the 29th day of May, 1952.   D. P. Philips, Presiding Judge, City Court of Decatur."

Where, as here, the judge of the trial court certifies that the bill of exceptions specifies all the evidence and all the record material to a clear understanding of the errors complained of but does not certify that the bill of exceptions is true, and where the language of the certificate is not such as to indicate the intention of the judge to verify the truthfulness of the recitals in the bill of exceptions, this court is without jurisdiction to consider the assignments of error made by such bill of exceptions.   *Beasley* v. *Georgia Power Co., 207 Ga.* 188 (60 S. E. 2d, 363); Code (Ann. Supp.), § 6-806 (Ga. L. 1946, p. 726).   The approval of the bill of exceptions as complete and correct by counsel for the defendant in error does not meet the requirement of Code § 6-806, as amended, that the trial judge himself must verify the bill of exceptions in order to confer jurisdiction upon this court.   *First National Bank of Commerce* v. *Brown,* 85 *Ga. App.* 370 (69 S. E. 2d, 624).   Accordingly, the bill of exceptions must be

*Dismissed.   Felton and Worrill, JJ., concur.*

Decided September 13, 1952—Rehearing denied October 17, 1952.

*G. Seals Aiken,* for plaintiff in error.

*Nall & Sterne,* contra.

Felton, J., concurring specially.   I concur in the dismissal of the writ because I am bound by the ruling in *Beasley* v. *Georgia Power Co.,* supra.