368

WRIGHT *v.* HARDIN *et al.*

ALMAND, Justice. In this case, the bill of exceptions recites that the equitable petition of Bessie Wright *v.* H. H. Hardin et al. came on for trial before the court and a jury, and that at the conclusion of the evidence of both parties, the court, on August 8, 1951, directed a verdict in favor of the defendants. The record discloses that a judgment in favor of the defendants was entered upon this verdict, and that the plaintiff's motion for a new trial as amended was overruled. The only assignment of error in the bill of exceptions is that the court erred in directing a verdict in favor of the defendants. Counsel for the defendants in error have moved in this court to dismiss the writ of error, on the ground among others that the only assignment of error in the bill of exceptions is on the direction by the court of a verdict in favor of the defendants, and that the bill of exceptions was presented to the trial judge for certification more than 20 days after the direction of the verdict. Counsel for the plaintiff in error has filed two applications to amend the bill of exceptions, (a) by specifying the judgment overruling the motion for a new trial, and (b) by assigning error on the overruling of such motion. *Held:*

1. "Bills of exceptions shall be tendered to the judge who presided in the cause within 20 days from the date of the decision complained of." Ga. L. 1946, p. 734 (Code, Ann. Supp., § 6-902).

2. The failure to present a bill of exceptions within the time prescribed by the statute just cited being jurisdictional, it necessarily follows that in such a case this court has no option in the premises, but the law which gives us our only authority to hear and review any case requires us not to hear but to dismiss such writ of error. *Brumfield* v. *Jackson,* 193 *Ga.* 549, 550 (3) (19 S. E. 2d, 279). The bill of exceptions was fatally defective, and cannot be amended. *Rabhan* v. *Rabhan,* 185 *Ga.* 355 (1) (195 S. E. 193).

3. The bill of exceptions, as shown by the recitals therein, was presented to the trial judge for certification more than 9 months after the direction of the verdict complained of, and under the rulings in divisions 1 and 2 above, the writ of error must be dismissed. *Ryals* v. *Atlantic Life Ins. Co.,* 184 *Ga.* 556 (2) (192 S. E. 38); *Smith* v. *Wood,* 189 *Ga.* 695 (1) (7 S. E. 2d, 255).

*Writ of error dismissed. All the Justices concur.*

No. 17949. ARGUED JULY 15, 1952—DECIDED OCTOBER 14, 1952.

*B. H. Manry* and *Gloria Ann Clark,* for plaintiff in error.
*Dobbs & Whitmire* and *Zellner & Sosebee,* contra.