## YOUNG *v.* YOUNG.

No. 18139. SUBMITTED MARCH 9, 1953—DECIDED APRIL 14, 1953.

712

*W. G. McCullough,* for plaintiff in error.

*E. C. Brannon* and *Brannon & Brannon,* contra.

ALMAND, Justice. ■ The allegations of the petition to modify, setting forth the neglect and treatment of the children, were not subject to demurrer on the grounds that the allegations were too indefinite and vague and stated conclusions which were not supported by facts alleged, and did not set forth any valid reason for modifying the decree. Neither were the allegations in

reference to the arrest of the mother subject to demurrer on the ground that they were prejudicial, and were insufficient to charge the mother with any improper conduct, it not appearing in the motion to modify or elsewhere that she had been convicted of the offense therein charged. The petition to modify set forth a change of facts and circumstances occurring since the date of the decree, which affected the interest and welfare of the children, and the trial court did not err in overruling the mother's general and special grounds of demurrer thereto.

■ In the present case the mother was not on trial for the offense of adultery, and the trial court did not err in allowing the sheriff to testify concerning the circumstances under which the arrest was made, over the objection that no conviction had been obtained and that any such testimony would be prejudicial.

■ On the hearing the judge permitted the father to read in evidence the affidavits of six persons, who appear to have been residents of Gainesville where the case was being tried, over the objection of the mother that such affidavits were hearsay and she had no opportunity for cross-examination of the persons making them. All of these affidavits stated matters that were highly detrimental to the defendant, and most of them related to matters based upon pure rumor, such as, "it is generally talked in my place of business and in the neighborhood that Mrs. Young takes some form of dope," or "she is generally considered to have a bad character by the entire community," or "I have heard some pretty bad things on Mrs. Young." The only testimony on the hearing as to which the mother had the opportunity of cross-examination was that of the father and one other witness. Practically all the matters heard by the judge, relating to the conduct of the mother since the decree of court awarding the children to her, were contained in the affidavits of these six witnesses.

The decree in a divorce case which awards custody of minor children to the mother is conclusive as between the parties, and the doctrine of res judicata is applicable, provided, however, that the judge may exercise a discretion in changing the decree as to the custody of the children only so far as there may be new and material conditions and circumstances substantially affecting their interest and welfare; and where the decree is re-

lied upon by the mother, the burden is upon the father to show affirmatively a change in circumstances that would free the case from the former adjudication. *Fortson* v. *Fortson*, 195 *Ga.* 750 (25 S. E. 2d, 518). If a judge on the hearing of a motion to modify or change the decree grants the prayer of the motion, his judgment must be based upon legal evidence. *Carney* v. *Franklin*, 207 *Ga.* 39 (59 S. E. 2d, 909). Where the record shows that a judgment changing the custody of children was based in part upon information or matters obtained from interviewing witnesses or consulting reports of investigating agencies, the same will be set aside. *Moody* v. *Gilbert*, 208 *Ga.* 784 (69 S. E. 2d, 874). As was stated in this last-cited case: "Fundamental to our system of jurisprudence is the right of a party litigant to be confronted with those who testify against him; and respect for judgments and decrees will not survive its abrogation." In *Adkins* v. *Hutchings*, 79 *Ga.* 260 (4 S. E. 887), on the trial of a case against an administrator for an accounting, it was held error to admit in evidence ex parte affidavits; and in *Faircloth* v. *Taylor*, 147 *Ga.* 787 (95 S. E. 689), in an action for land, it was held that there was no provision of law in this State for taking the testimony of a witness by ex parte affidavit on the trial of an action to recover land.

In our opinion, the affidavits of these six witnesses were clearly inadmissible.

The principle announced in *Robertson* v. *Heath*, 132 *Ga.* 310 (64 S. E. 73), and *Porter* v. *McCalley*, 146 *Ga.* 594 (91 S. E. 775), is not controlling, where as here the hearing was on a motion to change or modify a previous decree awarding custody of children. It was held in those cases not to be error to permit the use of affidavits on a hearing for the writ of habeas corpus for the purpose of securing the custody of a minor child. It did not involve a hearing on an application to modify a decree of court. It was stated that the better practice is to hear evidence viva voce, or taken by deposition or interrogatories, after notice and with opportunity for cross-examination, but such was not an absolute and inflexible rule, and the trial judge is vested with discretion as to admitting affidavits under the circumstances of a particular case which render it necessary; and it was pointed out that in habeas corpus cases the court may

decide the case on the pleadings without hearing any evidence, (see, in this connection, *Landrum* v. *Landrum*, 159 *Ga.* 324, 125 S. E. 832), that in habeas corpus cases the court has to hear them promptly, and that the facts in the case did not show that the judge abused his discretion in permitting the use of the affidavits. Nor is our ruling contrary to *Rogers* v. *Rogers,* 103 *Ga.* 763 (1) (30 S. E. 659), which holds that on the hearing of an application for temporary alimony the judge has a discretion to hear testimony either by affidavit or orally. It was there said that the hearing of an application for temporary alimony is only a preliminary investigation, and the order granting such alimony is merely interlocutory and subject to modification at any time, and such hearings are in their nature equitable proceedings.

For the reasons above stated, the trial court erred in admitting in evidence the affidavits of persons whose testimony in court could have been procured. Because of this ruling it becomes unnecessary to pass upon the sufficiency of the evidence.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Atkinson, P. J., not participating.*