## 18618. GORDY *v.* DUNWODY *et al.*

ARGUED JUNE 15, 1954—DECIDED JULY 13, 1954—
REHEARING DENIED JULY 27, 1954.

*Clarke & Anderson, Miller, Miller & Miller,* for plaintiff in error.

*Bloch, Hall, Groover & Hawkins,* contra.

DUCKWORTH, Chief Justice. 1. By section 1 of Georgia Laws 1945, p. 145, it appears that the legislature intended to exercise, in conjunction with the Supreme Court, jurisdiction over rules of procedure and practice in the courts; and this court before acting thereunder so construed that act by expressing the opinion that the legislature intended to maintain separation and independence of the departments as provided by the Constitution (Code, Ann., § 2-123). Thus construed, the act merely continued the exercise of legislative jurisdiction over a subject that had long been conceded to fall within the jurisdiction of the legislature. This court, however, expressly reserved the exclusive constitutional power to adopt its own rules, but proceeded to aid the legislature with its request in the 1945 act. See Ga. L. 1946, p. 726, and Ga. L. 1953, Nov.-Dec. Sess., p. 440. This court recommended, and the legislature approved, fixing a time limit of 20 days in which bills of exception must be presented after judgment. Ga. L. 1946, p. 735. This was done solely to satisfy a public demand for avoiding useless delays in court procedure

and because it could be done without hardship or injustice. But by the 1953 act (Ga. L. 1953, Nov.-Dec. Sess., p. 279) this time was changed to 30 days. More than 20 but less than 30 days lapsed between the judgment here and the tender of the bill of exceptions, and the motion to dismiss is based upon this fact and the contention that the 1953 act is unconstitutional and void.

The Constitution of 1945, art. VI, sec. II, par. VII (Code, Ann., § 2-3707) provides: "The Supreme Court shall have power to hear and determine cases when sitting in a body, under such regulations as may be prescribed by it." This clause of the Constitution fully invests the Supreme Court with the sole power to prescribe rules for its operation, but does not even purport to invest this court with power to prescribe rules of procedure and practice in the trial courts. Code (Ann.) § 2-3704 of the same Constitution vests in the General Assembly the power to prescribe conditions as to the right to a review of a case in the Supreme Court. In addition to the foregoing, we think our repeated recognition of the 1946 act as valid legislation clearly shows that this court regarded those rules as coming within the jurisdiction of the legislative department. See *W. T. Rawleigh Co.* v. *Forbes*, 202 *Ga.* 425 (43 S. E. 2d 642); *Williams* v. *Williams*, 203 *Ga.* 231 (46 S. E. 2d 65); *West Lumber Co.* v. *Harris*, 204 *Ga.* 343 (50 S. E. 2d 15); *Beasley* v. *Georgia Power Co.*, 207 *Ga.* 188 (60 S. E. 2d 363); *Wright* v. *Hardin*, 209 *Ga.* 368 (72 S. E. 2d 769).

The 1953 amendment is valid, and the limit of 30 days in which to tender a bill of exceptions as therein fixed is the law. The motion to dismiss is denied.

2. There are 26 special grounds, and counsel, though failing to cite any authority for most of them, makes a general insistence upon each ground. We have carefully examined each ground, but are not going to needlessly lengthen this opinion by setting forth each and then disapprove it. We shall discuss only those grounds which are close enough to be questionable.

The last ground excepts to the failure to charge a timely written request as follows: "I charge you that intent is one's state of mind and can be proved by circumstances and from inferences from facts proved. I charge you that when a charge is made against a person in a suit in court and such person does

not appear and testify in his own behalf and deny or explain the charge against him, a jury has the right to infer that the charge is well founded." A request to charge must be perfect. *Lewis* v. *State*, 196 *Ga.* 755 (27 S. E. 2d 659). The last sentence in this request is obviously an incorrect statement of law. Therefore the exception is without merit. Likewise, and for the same reason, grounds 27 and 28 are without merit.

Ground 24 excepts to an excerpt from the charge to the effect that, in order for the plaintiff to recover, it would be necessary for the facts and circumstances to be such as would likely deceive the public. Paragraph 31 of the petition alleges such facts and circumstances. The test seems to be, if the public is likely to be deceived, and a person of ordinary caution misled. *Saunders System* v. *Drive It Yourself Co.*, 158 *Ga.* 1, 8 (123 S. E. 132); *Atlanta Paper Co.* v. *Jacksonville Paper Co.*, 184 *Ga.* 205 (190 S. E. 777); *Gano* v. *Gano*, 203 *Ga.* 637 (47 S. E. 2d 741). There is no merit in this ground. And for the same reason grounds 25 and 26, also complaining of excerpts from the charge, are without merit.

Ground 21 excepts to the ruling admitting in evidence certified copies of public county records, kept in accordance with law. *Moody* v. *Gilbert*, 208 *Ga.* 784 (69 S. E. 2d 874), and *Young* v. *Young*, 209 *Ga.* 711 (75 S. E. 2d 433), are relied upon to support this complaint. The evidence was in the only form the law would permit.

Then counsel asserts that ground 20 presents the most obvious error of any of the grounds. This ground complains because the defendants' manager was allowed to testify that the defendants' business was not affected in any way by the plaintiff's business and vice versa. The testimony was objected to because the question called for an illegal conclusion of the witness, and the witness was not qualified to give that conclusion or opinion which would only be a wild guess. Although counsel cite in support of this ground *Mayor &c. of Milledgeville* v. *Wood*, 114 *Ga.* 370 (40 S. E. 239); *O'Neill Mfg. Co.* v. *Harris*, 127 *Ga.* 640 (56 S. E. 739); *Moore* v. *Dozier*, 128 *Ga.* 90 (57 S. E. 110); *Churchill* v. *Jackson*, 132 *Ga.* 666 (64 S. E. 691, 49 L. R. A. (NS) 875, Ann. Cas. 1913E, 1203); *McCray* v. *State*, 134 *Ga.* 416 (68 S. E. 62, 20 Ann. Cas. 101); and *Roberts* v. *Moore*, 136

*Ga.* 790 (72 S. E. 239)—the grounds of the objection were so obviously no reason for excluding the testimony that we think further discussion unnecessary. See *Creswill* v. *Grand Lodge K. P.,* 133 *Ga.* 837 (67 S. E. 188, 134 Am. St. R. 231, 18 Ann. Cas. 453) ; *Kay Jewelry Co.* v. *Kapiloff,* 204 *Ga.* 209 (49 S. E. 2d 19).

Since the other special grounds are without merit, the amendment to the motion is wholly without merit.

3.  The general grounds are insisted upon despite the indisputable fact that the evidence is in conflict on the material issues, as enumerated in our former opinion in *Gordy* v. *Dunwody,* 209 Ga. 627, 634, supra.

The court did not err in denying the motion for new trial as amended.

*Judgment affirmed.   All the Justices concur, except Wyatt, P. J., who dissents.*

WYATT, P. J. dissenting.   I dissent from the ruling in headnote 1 and the corresponding division of the opinion, and for that reason from the judgment of affirmance.