19362, 19383.  PEACOCK *v.* PEACOCK; and *vice versa.*

ARGUED MAY 16, 1956—DECIDED JUNE 11, 1956.

*Smith, Gardner & Kelley, J. Neely Peacock, Jr., B. C. Gardner, Jr.,* for plaintiff in error.

*Frank Fay Faulk, Jr.,* contra.

WYATT, Presiding Justice. ■ The plaintiff in error in the main bill of exceptions contends that, since James Neely Peacock III is now in the Marine Corps, he is in the custody of the United States Marine Corps, which provides him with support and maintenance; and that the plaintiff in error is relieved of any obligation to make payments for his support and maintenance. There is no merit in this contention. "Where a father against whom had been rendered a judgment for permanent alimony for the support and maintenance of a minor child refused to make the monthly payments so provided for on the ground that he is no longer liable therefor, by reason of the induction of the minor into the United States military service, it was not error to hold said father in contempt of court." *Torras* v. *McDonald,* 196 *Ga.* 347 (2) (26 S. E. 2d 598). The ruling in the case above cited controls this question adversely to the contentions of the plaintiff in error in the main bill of exceptions.

■ Motion is made by the defendant in error in the cross-bill of exceptions to dismiss the same upon the ground that the cross-bill of exceptions was not properly certified. The certificate of the trial judge reads in part as follows: ". . . that the same is true, except contentions, conclusions, and argument and contains all the evidence, and specifies all the record material to a clear understanding of the errors complained of . . ." The plaintiff in error in the cross-bill of exceptions contends that, under the act of the General Assembly passed in 1946 (Ga. L. 1946, p. 726; Code, Ann. Supp., § 6-806), the certificate is a lawful one.

The purpose and construction of the 1946 act, supra, was considered in *W. T. Rawleigh Co.* v. *Forbes,* 202 *Ga.* 425, 429 (43

S. E. 2d 642), where it was stated as follows: "The amendment to the Code, § 6-806, the meaning of which is now under review, was inserted in the act changing certain rules of appellate procedure, for the purpose of clarifying the meaning of the judge's certificate where it varied from the one supplied by statute. And we construe this amendment to mean that where the judge's certificate does so deviate, its language can not, *merely by implication,* be construed as being a denial of the truth of any part of the contents of the bill of exceptions; but the language of the certificate shall be construed as a verification of the contents of the bill unless it *affirmatively appears* to be a denial of the truth of some part thereof."

In the instant case, it affirmatively appears that the trial judge denied the truth of some portion of the bill of exceptions, that is, the "conclusions, contentions and argument" contained therein. It is impossible from an examination of the cross-bill of exceptions, which is fourteen typewritten pages in length, to determine just which portions of the bill of exceptions are "conclusions, contentions, and argument," or just which portions the trial judge characterized as such and which he refused to certify as true. See, in this connection, *Taylor Bros.* v. *Howard,* 112 *Ga.* 347 (37 S. E. 392), in which it was held: "Where, in undertaking to verify a bill of exceptions, the judge in his certificate states that he does 'not certify to arguments and conclusions' therein contained, and upon examination of the bill of exceptions it is impossible to determine what portions thereof the judge intended to characterize as 'arguments and conclusions' rather than recitals of fact, the writ of error must be dismissed."

If it be contended that the mere fact that the trial judge signed the certificate is a sufficient verification of the bill of exceptions under the act of 1946, supra, despite what the certificate says, the decision in *Beasley* v. *Georgia Power Co.,* 207 *Ga.* 188 (60 S. E. 2d 363), controls this question adversely to this contention. See also *Blackwell* v. *Farrar,* 208 *Ga.* 757 (69 S. E. 2d 574).

It follows from what has been said above, the certificate of the trial judge in this case, which denies the truth of some portions of the bill of exceptions when these portions cannot be determined or separated from the portions not denied, is not a lawful certificate. Accordingly, the writ of error must be dismissed.

*Judgment affirmed on the main bill of exceptions. All the Justices concur. Cross-bill dismissed. All the Justices concur, except Duckworth, C. J., Hawkins, and Mobley, JJ., who dissent from the ruling in the second division and from the judgment of dismissal.*

HAWKINS, Justice, dissenting. I dissent from the ruling made in the second division of the opinion, and from the judgment dismissing the cross-bill of exceptions. Under the act of 1946 (Ga. L. 1946, p. 726), amending Code § 6-806, where the certificate of the trial judge to the bill of exceptions is not in the exact form prescribed by this Code section as amended, it is required that the trial judge make it affirmatively appear what portion, if any, of the recital of facts contained in the bill of exceptions he declines to certify as true, in the absence of which the certificate shall be construed as a verification of the contents of the bill. In the instant case, it does not affirmatively appear from the interlineation made by the trial judge what portion of the cross-bill of exceptions he disapproved, and the certificate should therefore be construed as a verification of the contents of the bill. *W. T. Rawleigh Co.* v. *Forbes,* 202 *Ga.* 425 (43 S. E. 2d 642) ; *Crumley* v. *Hall,* 202 *Ga.* 588 (43 S. E. 2d 646). However, under the facts of this case, the judgment therein complained of should be affirmed. There must be a wilful disobedience of the court's decree or judgment by the offending party before he is in contempt of court and can be so adjudged. Here the trial judge, who was the trior of the issue, and vested with a broad discretionary power, found that there had been no such wilful disobedience, and it cannot be said that he has manifestly abused the discretion vested in him. *Corriher* v. *McElroy,* 209 *Ga.* 885 (76 S. E. 2d 782) ; *Yancey* v. *Mills,* 210 *Ga.* 684 (82 S. E. 2d 505). It is my view, therefore, that the cross-bill of exceptions should not be dismissed, and that the judgment therein complained of should be affirmed.

I am authorized to say that Mr. Chief Justice Duckworth and Mr. Justice Mobley concur in this dissent.