### 21530. WOFFORD v. NANCE.

ARGUED JANUARY 17, 1962—DECIDED FEBRUARY 9, 1962.

*Joseph H. Blackshear, John N. Crudup,* for plaintiff in error.
*Stow & Andrews,* contra.

GRICE, Justice. The trial judge, after determining that the bill of exceptions was not true, instead of returning "the same within ten days, to the party or his attorney, with his objections to the same in writing," as provided by *Code Ann.* § 6-909, certified that "subject to the matters hereinafter specially further certified the same is true." His certificate subsequently provided: "I do hereby further specially certify the following as true and correct, to wit: First, I do further specially certify that I did not use or consider the lengthy written report from the Hall County Department of Public Welfare in considering and deciding said case, and that the allegation contained in the first assignment of error on page nine (9) of the Bill of Exceptions to the effect that I used said report therefore is disapproved as being untrue. I further certify that said written report from said Department of Public Welfare was not obtained for use as evidence in hearing this case, and that same was not so used." Then followed similar certifications made specifically to other matters which were assigned as error in the bill of exceptions and recitals by the judge as to what transpired upon the trial.

Upon the case reaching this court, the defendant in error moved to dismiss the bill of exceptions because it was not certified as required by law and no certificate is in the record as required by law.

There is no record in this court, properly certified by the trial judge, of what transpired in this case. The requirements of *Code Ann.* § 6-806 have not been met and, therefore, this court lacks jurisdiction to review the merits of the exceptions. *Hawkins v. Mayor &c. of Americus,* 102 Ga. 786 (30 SE 519); *Barker v. Peoples Loan &c. Co.,* 178 Ga. 464 (2) (173 SE 704); *Calhoun v. Southern States Naval Stores Co.,* 185 Ga. 153 (194 SE 191). The 1946 amendment to *Code* § 6-806 does not dispense with the requirement of complete verification. As to the purpose of that amendment, see *W. T. Rawleigh Co. v. Forbes,* 202 Ga. 425, 429 (43 SE2d 642) and *Beasley v. Georgia Power Co.,* 207 Ga. 188, 190 (60 SE2d 363). Accordingly, the writ of error is

*Dismissed. All the Justices concur.*